## Sarah J. Burnett et al., Appellees, v. Rufus M. Potts, Appellant.

BROKERS AND FACTORS—*when real estate agent not entitled to commissions.* A real estate broker who expressly contracts to sell and convey for cash is not entitled to his commissions by merely securing a competent person for the purchase of such land.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

SHUTT, GRAHAM & GRAHAM, for appellant.

ALBERT SALZENSTEIN and JOHN L. KING, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellees against

appellant. The declaration consists of the common counts only, to which the general issue was filed. The cause was tried by the court without a jury and resulted in a judgment in favor of appellees for $1,117.95. The facts briefly stated are the following: Appellant and appellees on November 3, 1904, entered into a written contract under the terms of which appellant was given the exclusive right to sell a tract of land belonging to appellees for a period of sixty days from November 1, 1904. The contract further provided that in case of a sale of said premises, appellant was to account to appellees for the sum of $35,000 cash net to them; that he should retain all amounts that he might sell said premises for above that price, as his commission, and should pay all outside agents' commissions and expenses of every character out of the portion he should receive from the sale of said premises. On December 1, 1904, appellant as agent for appellees entered into a contract for the sale of the premises with one Bowman, which contract recited that appellant had that day sold the land to Bowman for the sum of $37,500, to be paid as follows: $1,000 in cash upon the signing of the contract, $5,000 or more at the option of Bowman on or before December 20, 1904, and the balance on March 1, 1905; that appellant as agent should on or before December 20, 1904, furnish to the purchaser an abstract of title, and deposit in escrow with the First National Bank at Taylorville, Illinois, a proper and sufficient warranty deed for said premises; that possession should be delivered March 1, 1905. The contract further recited that it was made subject to the condition that if appellant was unable to get the tenants holding leases upon the property to surrender the same or if Bowman was unable to secure a loan of $24,000 on said premises, the contract should be void. Bowman afterward arranged to borrow the sum specified upon the property, a satisfactory abstract of title was furnished him, and the outstanding leases were procured to be surrendered. On December 14, 1904,

pursuant to the contract, appellees deposited a warranty deed for the premises with the Taylorville Bank, together with instructions in writing, prepared by appellant and signed by appellees, which recited that the accompanying deed "was made to carry out the contract executed on December 1, 1904, by Rufus M. Potts, as agent of the Thayer heirs, and Thomas C. Bowman, for the sale of the land therein described; that the consideration for the deed was $38,000; that there was still due the grantors $35,000, to be paid as follows: $25,000 within ten days and the balance, $32,500, between March 1 and 10, 1905; that upon said payments being made the bank was to deliver the deed to Bowman and remit the proceeds to Thayer, and that all other moneys provided by said contract to be paid be collected by the bank and paid to appellant. Bowman refused to perform the contract on his part within the time prescribed and on March 13, 1905, appellees withdrew their deed from escrow. Appellant then insisted that appellees should bring suit to compel him to perform. They declined to do so and instituted the present suit to recover the sum of $1,000 paid by Bowman to appellant upon said contract.

It is contended by appellant that inasmuch as he had performed his part of the contract between him and appellees by securing a valid and binding agreement with a competent person for the purchase of the land, he thereby earned his commissions and was entitled to retain the $1,000 in controversy on account thereof. We are unable to concur in such view. By the express terms of the contract he was to sell the premises and account to appellees for the sum of $35,000 in cash. His agreement was not merely to find a purchaser and procure him to enter into a valid and binding contract to purchase the land, but before he became entitled to any compensation, it was essential that he should have sold the property for cash for a sum in excess of $35,000, that such sale be fully consummated and the proceeds to the extent of $35,000 accounted for by ap-

pellant to appellees. Appellant would then, and not before, be entitled to compensation for his services as provided by the terms of the contract. The terms of the contract are clear and certain. Under the facts, which are practically undisputed, there is no possible theory under which appellant could recover for services rendered on the *quantum meruit,* or for expenses incurred. The sum of $1,000 paid by Bowman in accordance with the terms of the contract, was had and received by appellant as the agent of appellees and for their use, and was recoverable under the pleadings.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*