### William C. Mooberry, Appellee, v. Frank Crotinger, Appellant.

CONTRACTS—*when question of construction not subject to review.* If a party cause the court to submit to the jury the question of the construction of a contract in question, he cannot thereafter complain on review of the construction which has been given by the jury.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

RAYBURN & BUCK, for appellant.

A. M. HESTER and WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

On October 17, 1907, appellant addressed a written communication to appellee wherein he said: "I will offer my 160-farm for a short time at $30,000 net. If you have a buyer for a farm of this size show this farm." On October 24, 1907, appellee procured one W. J. Ely to enter into a contract with appellant whereby appellant agreed to sell and said Ely agreed to purchase appellant's farm for the sum of $30,400, to be paid as follows: $1,500 in cash upon the execution of the agreement and the balance, $28,900, in cash on or before March 10, 1908, upon receipt of a deed to the premises. The contract further provided that time should be of its essence and that either party thereto who should fail or refuse to comply with its provisions should forfeit and pay to the other party the sum of $1,500 as liquidated damages. Ely was unable to comply with the terms of the contract and thereby forfeited to appellant his cash payment of $1,500. Immediately upon the execution of the contract appellant voluntarily paid to appellee $200 to apply upon the latter's commission of $400, being the excess above $30,000 for which appellee was authorized to sell the premises. Thereafter appellee demanded from appellant the sum of $200 as the balance of the commission claimed to be due him, and upon the refusal of appellant to pay the same this suit was instituted by appellee. Appellant interposed the plea of the general issue together with several special pleas, including a plea of set-off, whereby he sought to recover back from appellee the $200 he had theretofore voluntarily paid to appellee. A trial by jury resulted in a verdict and judgment against appellant for $200.

It is insisted on behalf of appellant that by the terms of the proposal of sale, whereby appellee was authorized to procure a purchaser before he became entitled to a commission, appellee was bound to bring about such an actual sale of the premises as would net to

appellant the sum of $30,000, and that as the commission to which appellee was entitled was limited to the amount of such sale in excess of $30,000 appellee was not entitled to any commission, because Ely had failed to comply with the terms of the sale without the fault of appellant.

The construction of the written proposal by appellant to appellee to procure a purchaser for the premises, which written proposal constituted the contract of agency under which appellee should become entitled to a commission, was a question of law for the court and not a question of fact to be submitted to the jury. Appellant, however, by all of the instructions tendered on his behalf, submitted the question of the construction of said contract of agency to the jury to be determined as a question of fact and cannot now be heard to urge that the question was one of law for the court, and that said contract, as a matter of law, should have been construed by the court as requiring the payment in cash to appellant of the sum of $30,000 before appellee would be entitled to a commission. In view of the theory upon which the defense of appellant was predicated in the trial of the case in the court below there is no error in the record which warrants a reversal of the judgment. Appellant relies upon the decision of this court in the case of Burnett v. Potts, 143 Ill. App. 160, the judgment in which case was affirmed by the Supreme Court in 236 Ill. 499, as conclusive in his favor of the question involved, but an examination of that case will disclose that the right of the broker to his commission was there determined as a question of law arising out of the construction of the contract for brokerage.

Upon the record as made the judgment of the Circuit Court will be affirmed.

*Affirmed.*