### Nicholas Nudelman, Plaintiff in Error, v. Nellie G. Wildes et al., Defendants in Error.

### Gen. No. 15,305.

BROKERS AND FACTORS—*when real estate agent not entitled to commissions.* If the owner provide that he shall receive a certain sum before the broker is entitled to any commissions, the broker must complete the sale and the owner must realize such specified sum before the broker can recover anything by way of commissions.

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 21, 1911. Rehearing denied April 5, 1911.

**Statement by the Court.** Plaintiff in error, Nudel-man, brought suit in the Municipal Court of Chicago to recover $912.50, alleged to be due as commissions for the sale of certain real estate belonging to defendants in error.

A trial was had before the court without a jury and resulted in a judgment for the defendants, from which judgment the plaintiff by a writ of error has brought the case to this court.

Plaintiff was a licensed real estate broker in Chicago and defendants owned certain real estate, also in Chicago, for the sale of which they gave to plaintiff exclusive agency for ten days. The contract provided that the property might be sold by the plaintiff for $16,287.50, net to the sellers, and expressly provided that the sellers were not to pay any commission.

Plaintiff succeeded within the ten days in securing as purchasers Abraham Bernstein and Henry Wolf, and a contract of sale was entered into by which they agreed to purchase and the seller to sell at the price of $17,200,—the contract of sale making usual provisions with respect to merchantable title.

It appeared from oral testimony, admitted over objection of defendants, that, before the contract of sale was executed, the frontage of the premises in question had been represented by the sellers to be fifty feet, whereas, after the contract of sale was made and upon the examination of the abstract, the frontage was found to be but forty-four feet. The prospective purchasers objected to this discrepancy, and endeavored, through the plaintiff, to get the defendants to consent to a proportionate rebate in the price of the property, and refused to accept it unless that was done.

Upon refusal of the defendants, the purchasers declined to take the property, not only on account of the discrepancy in the frontage, but because of various other alleged objections to the title.

Thus matters stood until a fire occurred on the premises, when the prospective purchasers proposed that

they would take the premises as they stood, waiving their objections to the title and the discrepancy as to frontage, provided the insurance be assigned to them. This was refused, whereupon, the prospective purchasers filed a bill for the cancellation of the contract and a return of the deposit, to which the plaintiff and defendants were all made parties. The contract was ordered cancelled, and the earnest money was ordered returned to the purchasers by Nudelman. Plaintiff's claim here is that defendants are liable to him for the difference between $17,200 and $16,287.50, by way of commissions.

BLUM & BLUM, JAMES C. HOOD and HUTCHINS & RIPPEL, for plaintiff in error.

JESSE B. BARTON and THOMAS M. BUTTERS, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The written contract upon which the rights of the parties depend is clear and unambiguous. It is expressly provided that the defendants shall not pay any commissions to the plaintiff, and that the defendants are to receive $16,287.50 net before plaintiff is entitled to any compensation. The language being so clear, there is no room for construction. It is manifest that plaintiff's compensation was to be such an amount as was realized from the property in excess of the $16,287.50, which should be actually paid to the defendants. Under the plaintiff's contract he was compelled to complete a sale, including the payment of the purchase price, before his commissions became earned and payable. Burnett v. Potts, 236 Ill. 499.

Under the facts in this case the court below could have reached no different conclusion, and the judgment is, therefore, affirmed.

*Affirmed.*