DAVID CUMMINGS *versus* OLIVER DENNETT.

It is not essential, at common law, that the consideration for a promise in writing should appear in the writing itself. Parol evidence of it is admissible ; and to ascertain whether there was a good consideration, not only the writing, but all the circumstances connected with it, must be taken into view.

If application is made to a mechanic or manufacturer for articles in his line of business, and he undertakes to prepare and furnish them in a given time, such a contract is not affected by the statute of fraud.

THIS was an action of assumpsit on an agreement given by the defendant to the plaintiff, a copy of which, follows :—

"Portland, 9th mo. 6th, 1845.

"I the subscriber, hereby agree to furnish David Cummings with one hundred and forty backs and strips for belting, to be delivered in Portland, at eighteen cents per pound, by the first day of December next. "Oliver Dennett."

After reading the contract to the jury, the plaintiff produced Wm. Huse, as a witness, who testified, that he went with the plaintiff to defendant's tan yard, on December 1st, 1845. Cummings tendered to Dennett $1154,84. Dennett declined taking it, saying he had not the leather. The plaintiff said it was for leather ; that he came there to tender him the money for the leather that he agreed to have done for him at that time ; witness counted the money, paper and gold, all current bills ; the gold a sovereign ; all the paper was Portland money. Dennett made no objection, but simply said he had not the leather. On cross examination, he said, he counted the money in Sumner Cummings' house and down at the yard. Dennett declined taking it. Cummings offered the money in the first place ; and then I took it, counted it and tendered it.

Stephen Wescott, for the plaintiff, testified that he resided in Boston, was a leather dealer, had been since he was 14 years old, and dealt in belting ; a middling lot of backs and strips would average, the backs 34 to 35lbs. each, the strips about 12lbs, he should think ; that as delivered by a tanner the average weight of a back and two strips would be about

42 pounds, after they were tanned and before curried, 30 pounds to the backs and twelve pounds to the two strips.

Upon the foregoing evidence, TENNEY J. presiding at the trial, directed a nonsuit. If that direction was right, the defendant was to recover his costs; if otherwise, a new trial was to be granted.

*Adams* and *W. P. Fessenden*, for the plaintiff, contended that the nonsuit was erroneously ordered. The contract is not within the statute of frauds. There was an engagement on the face of the paper, to take the leather and pay for it at the time and place, and at the price stated. This is a question for the jury, and not for the Court, to decide. Besides, when the money was offered to him, the defendant could not object, that the plaintiff was not bound to receive and pay for the leather. 2 Caines, 120; 1 Metc. 84; 5 Pick. 380; 17 Pick. 407; 6 East, 307; 4 Greenl. 350; 9 East, 348; 13 Mass. R. 87; 8 Pick. 252; 5 Cranch, 150. If the leather had been prepared and offered at the time and place, the defendant could have recovered the price of the plaintiff.

It is not necessary, that the consideration of an agreement should be stated in it, to make it binding. The consideration may be proved by parol. The plaintiff was at expense in preparing to obtain the money to make payment at Portland, and he sustained damage immediately, by relying on receiving the leather for which he had contracted, instead of making a new bargain. *Bean v. Burbank*, 16 Maine R. 458, was a case respecting the sale of lands, but is in point, to show that it is not necessary, that the consideration should be stated in the contract. Whether there was a consideration, or not, was also a question for the decision of the jury.

*Deblois*, for the defendant, contended that no recovery could be had upon the paper, because it is without consideration on its face, and merely void. No extraneous proof was offered to show a consideration, and for want of it the contract is entirely void in law. It is void, also, for want of mutuality. To make the agreement binding, both parties must be bound. Chitty on Cont. 4; 3 T. R. 653; 12 Johns. R. 190; 1 Caines,

584; 5 East, 16; *Bean* v. *Burbank,* 16 Maine R. 458; 3
Pick. 211; 14 Pick. 201; 7 T. R. 350; 4 East, 463; 19
Maine R. 77; 22 Maine R. 475; 18 Johns. R. 149; 7 Mass.
R. 22; 5 Bingh. 34.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff relies upon a special con-
tract, entered into between him and the defendant, in which
the defendant in writing, agreed to furnish the plaintiff with
one hundred backs and strips for belting, to be delivered in
Portland by the first day of December then next, the date of
the writing being September 6, 1845, at eighteen cents per
pound. The plaintiff, on the first of December following the
date of the writing, tendered to the defendant, at his tannery
in Portland, the amount the articles would come to at the
price agreed upon, and demanded them of him; to which he
replied that " he had not the leather." He did not deny that
he had made such an agreement; or then pretend that it was
not mutually obligatory; or that the plaintiff had not agreed
to take and pay for the articles upon their being furnished ac-
cording to promise. He now sets up, however, in defence,
that the written agreement does not show, that the plaintiff
did so agree; and, therefore, that there was no consideration
for the promise he had made; and, moreover, that there being
no written promise on the part of the plaintiff to accept and
pay for the articles, at the time specified, and therefore no mu-
tuality of obligation, the statute of frauds will prevent his being
liable in this action.

If the defendant's promise can be regarded as having been
made without consideration, it will be immaterial to inquire
whether it is within the statute of frauds or not. It is not es-
sential, at common law, that the consideration for a promise in
writing should appear in the writing itself. Parol evidence of
it will be admissible. *Bean* v. *Burbank,* 16 Maine R. 460.
To ascertain whether there was a good consideration, not only
the writing, but all the circumstances connected with it must
be taken into view. Written contracts are often drawn in

haste, by parties not well skilled in such matters; and it not unfrequently becomes difficult to ascertain their meaning. One part of the contract may be reduced to writing, and another be left to inference; and there are sometimes inconsistencies, apparently, between the different parts of the same writing. Resort must be had in such cases to the obvious scope and design of the parties, and to the subject matter to which it has reference, and even to the situation of the parties contracting. The object in every case must be to ascertain the real intention of the parties. When that is ascertained it must govern: as where one says in a memorandum of an agreement to sell land, " I have bargained and sold the same," &c. the meaning is, that he will do that, which shall perfect a sale thereof. *Atwood* v. *Cobb*, 16 Pick. 227.

In the case before us, the writing contains the promise of one party in very explicit terms; and the question is whether a corresponding promise is or is not ascertainable, as having been made by the other party, and thereby constituting a good consideration for the other. The agreement by the defendant was absolute to furnish, at a certain time, place and price, certain articles. The agreement was in writing, which was taken and carried away and held by the plaintiff. The defendant, it would seem, was a manufacturer of such articles, as the tender was made at his tannery, and he is called in the writ, and without objection by him, "a tanner." They were to be *furnished* at a future day; (implying that they were not then on hand;) and, therefore, may be believed not to have been on hand at the time of the contract. It did not occur to the defendant at the time the tender was made to pretend, that there had not been a mutual and obligatory contract, by one party to furnish, and by the other to pay for the articles. The tender was made for articles the defendant "agreed to have done" for the plaintiff; and the defendant did not deny that he had so agreed. Here then there was at least matter for the consideration of the jury, from which to find a mutual and obligatory contract between the parties.

The question then arises, whether the contract was void under the statute of frauds; and this depends on whether

the statute applies to a case like the present; and if it does, then, whether the writing relied upon is in conformity to the requirements of that statute.

As to the first branch of the inquiry, it does not appear, explicitly, whether the application of the plaintiff to the defendant was to him as a manufacturer of the articles in question: although there is reason to apprehend that such may have been the case, and a jury might so find. It is very clear, that, if application is made to a mechanic or manufacturer for articles in his line of business and he undertakes to prepare and furnish them in a given time, such a contract, though not in writing, is not affected by the statute. *Mixer* v. *Howarth*, 21 Pick. 205; *Spencer & al.* v. *Cone & al.* 1 Metc. 283. On a new trial the evidence upon this point may, if necessary, be more explicit.

If the application was to the defendant for goods on hand, then it will, perhaps, become important to ascertain whether the writing in question was in conformity to the requirements of the statute. The promise, on the part of the defendant, was quite intelligible, and the consideration expected for the promise is stated. And we have before seen, that a jury might well find, from the circumstances, that the plaintiff promised to take and pay for the articles to be furnished; and we have before seen that the law does not require that the party seeking the fulfilment of a promise in writing should show that the engagement on his part, forming the consideration, was in writing. And to this point, see *Lunt & al.* v. *Padelford*, 10 Mass. R. 230; *Train* v. *Gold*, 5 Pick. 380. It may not, however, be necessary now to decide that question. On a new trial it may not arise.

*Nonsuit taken off, and a new trial granted.*