SHEPHERD J. FRANCIS and another *vs.* DANIEL A. J. BAKER.

45    83
65   152

## December 17, 1890.

**Real-Estate Broker—Commission, when Earned.**—Where a real-estate broker, employed, for a commission to be paid, to procure a purchaser for property, presents to the principal a proposed purchaser, it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, and enters into an enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser within the meaning of the contract between the principal and the broker, although the sale has not been completed by the payment of the consideration to the vendor.

Action brought in the district court for Ramsey county, to recover $3,680 and interest, as commissions for services in negotiating a sale to one J. Frank Collom, of 46 acres of land belonging to defendant, of the value of $184,000. Defence, a general denial. At the trial, before *Otis*, J., there was evidence tending to show that on June 20, 1889, defendant verbally employed plaintiffs to find a purchaser of the property at $184,000 on specified terms of payment, and promised to pay them a commission; that plaintiffs introduced Collom to defendant as an intending purchaser, and that on June 27th a contract of sale at the price and on the terms specified was executed between defendant and Collom; and that $3,680 was a reasonable commission. On the other hand there was evidence tending to show that defendant did not employ plaintiffs, that before the introduction defendant knew that Collom wished to purchase, and Collom had, through an agent, made inquiry of defendant as to prices and terms. The defendant offered to show that at the time of executing the contract Collom was and has ever since been heavily indebted and unable to carry it out. This evidence was objected to and excluded, and the defendant excepted. The plaintiffs had a verdict for the amount claimed in the complaint, and the defendant appeals from the judgment.

*Williams, Goodenow & Stanton,* for appellant.

*J. M. Dunn* and *Warren H. Mead,* for respondents.

MITCHELL, J.　Where a person agrees with a real-estate broker to pay him a commission if he procures a purchaser for his property on specified terms, the broker, in order to entitle him to his commission, is bound to present a purchaser who is ready, able, and willing to buy on the proposed terms; and the principal is not bound to accept a proposed purchaser unless he is able to perform the contract on his part according to the proposed terms.　But it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned.　The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor. *Rice* v. *Mayo,* 107 Mass. 550; *Pearson* v. *Mason,* 120 Mass. 53; *Coleman* v. *Meade,* 13 Bush, 358; *Love* v. *Miller,* 53 Ind. 294; *Glentworth* v. *Luther,* 21 Barb. 145; *Simonson* v. *Kissick,* 4 Daly, 143; *Keyes* v. *Johnson,* 68 Pa. St. 42.　In fact the authorities are all one way on this question, the only apparent exception being *Richards* v. *Jackson,* 31 Md. 250, which, however, might have been decided upon the ground that the party presented had never entered into any enforceable contract of purchase, the written agreement containing a provision giving him the option to release himself of all liability by paying a sum of money as a forfeit.　This was the ground upon which *Kimberly* v. *Henderson,* 29 Md. 512, was decided.　In most of the cases cited by defendant, the proposed purchaser had never been accepted by the principal, and the question generally was whether he was such a person as he ought to have accepted.　There is nothing decided in *Grosse* v. *Cooley,* 43 Minn. 188, (45 N. W. Rep. 15,) in conflict with the views here expressed.　The most that can be claimed from that case is that some facts are referred to in the opinion which would have been wholly immaterial if the principal had accepted the

proposed purchaser as satisfactory,—a fact which was left uncertain by the findings of the court, the contract of the purchaser having been taken by the brokers and not by the principal. Moreover, the case was rather imperfectly argued, the precise point now under consideration not having been prominently, if at all, presented to the minds of the court. It follows from what has been said that, upon the facts of the present case, evidence as to the ability of the purchaser to perform his contract was immaterial, and properly excluded.

Defendant's second assignment of error is clearly without merit. It was wholly immaterial what conversation passed between defendant and Eustis. The important thing was whether plaintiffs or Eustis were the procuring cause of the sale; and all the evidence bearing upon that question was admitted, and submitted to the jury under proper instructions.

Judgment affirmed.