## MANFORD HORN *vs.* THEODORE HANSEN.

Submitted on briefs Nov. 7, 1893.   Affirmed Dec. 29, 1893.

No. 8453.

**Unilateral contract can not be contradicted by parol.**

A unilateral promise or agreement, in writing, to pay for specified personal property, is binding if upon sufficient consideration; and, in a case not within the statute of frauds, the consideration may be shown by parol. But the writing may not be contradicted by oral evidence, though an issue may be raised in respect to the consideration, or the writing may, for other valid reason, be shown to be inoperative.

**Those claiming under the original parties can not so contradict.**

Where either of the parties to a suit is a stranger to the written agreement in controversy, and does not claim under one who is a party to it, the rule forbidding parol evidence to vary or contradict its terms does not apply. Otherwise when the question arises between those claiming under the original parties to it.

**If time of payment be not specified, the debt is due immediately.**

A note or other instrument containing an express promise to pay money, without any time specified, is in law payable immediately, and interest runs from its date, while a promise to pay upon demand requires at least a judicial demand to set interest running.

Appeal by defendant, Theodore Hansen, from a judgment of the District Court of Swift County, *Gorham Powers*, J., entered May 16, 1893, against him for $60.95 damages and costs.

This action was commenced September 2, 1892, in a Justice's Court by plaintiff, Manford Horn, upon the wheat ticket copied in the opin-

ion.    Plaintiff claimed that John K. Sylte on October 7, 1891, deliv-
ered to defendant at his elevator in Milan forty-five bushels and
twenty pounds of No. 1 Northern wheat, that Ole Saterbakken as
agent for defendant gave Sylte the ticket and that Sylte afterwards
sold his claim and delivered the ticket to plaintiff.    When delivered
the wheat was worth eighty cents per bushel.    Wheat afterwards de-
clined in value.    Plaintiff claimed that by the terms of the ticket
the wheat was sold to defendant on its date for the market value on
that day and demanded that amount with interest.    Defendant
claimed that Sylte delivered the wheat to be stored and denied that he
bought it and offered to deliver the wheat on being paid for storage.
Plaintiff had judgment and defendant appealed to the District Court
on questions of both law and fact.    The issues were tried in that
Court on December 21, 1892.    The Judge excluded oral evidence of-
fered by defendant to show that Sylte did not sell the wheat, but left
it in store, and directed the jury to return a verdict for plaintiff for
the value of the wheat on October 7, 1891, with interest from that
date.    Defendant excepted to the charge, made a case containing his
exception and had it settled, signed and filed.    On it and the plead-
ings he moved for a new trial for errors in law occurring at the trial,
but was denied, and judgment was entered upon the verdict and he
appeals.

*T. F. Young* and *Foland & McCune,* for appellant.

The ticket does not contain all of the conditions of the actual
agreement of the parties and is upon its face manifestly incomplete,
and upon such an instrument the defendant had a right to introduce
parol proof of the oral agreement between the parties to it.    *Healy*
v. *Young,* 21 Minn. 389; *Alexander* v. *Thompson,* 42 Minn. 498;
*Boynton Furnace Co.* v. *Clark,* 42 Minn. 335.

*E. T. Young,* for respondent.

The evidence offered tended to show that instead of agreeing on
a price or time of payment, defendant had agreed orally that he would
not pay at all, at any time or any price, but would store the grain and
redeliver it.    Any oral evidence to be admissible to add to or vary
this contract, would have to be consistent with the written contract

and tend to aid and uphold it, and not flatly contradict it. *Kessler* v. *Smith*, 42 Minn. 494; *Thompson* v. *Libby*, 34 Minn. 374; *Tarbell* v. *Farmers' Mut. Elevator Co.*, 44 Minn. 471; *Wemple* v. *Knopf*, 15 Minn. 440.

VANDERBURGH, J. The controversy in this case arises over a so-called "wheat ticket" issued by defendant, and now owned by plaintiff.

The plaintiff alleges that one Sylte, under whom he claims, sold and delivered to defendant forty-five bushels and twenty pounds of wheat, of the quality designated on the ticket, on the day of the date thereof, and that he thereupon issued to Sylte the ticket, which is as follows:

"No. 9,617. Date, Oct. 7, 1891. Theo. Hansen will pay to J. K. Sylte for forty-five 20 /60 bushels, grade *one*, *N*. wheat. Ole Saterbakken, Buyer."

It is also alleged that the wheat, on that day, was worth eighty-one cents per bushel. Judgment is accordingly asked for the value of the wheat. The defendant, in his answer, admits issuing the ticket, and the delivery of the wheat described therein, at that date, but alleges that he did not purchase the wheat, but received the same to hold for plaintiff as a bailment. The defendant does not deny that the "ticket" was issued for that number of bushels of wheat left with him, or that it was connected with that transaction, or that it was the evidence of his liability therefor. Indeed, defendant admits and insists, in his argument, that it was given in part performance of the actual agreement. But he says that the writing does not contain all the agreement, and he claims the right, not only to supplement it by parol evidence of so much of the entire agreement as is not expressed in writing, but to contradict the terms of the writing, because it is informal, and not a complete agreement, and for that reason he is not bound by it. But we think the writing, on its face, is a valid unilateral promise or agreement, if supported by a consideration, which may, of course, be shown by parol, since the agreement is not within the statute of frauds. The common-law rule permits this, and permits a contract to rest partly in writing and partly in parol, so that it may accordingly be proved by the writing and by parol. *Wright* v. *Weeks*, 25 N. Y. 158; *Cummings* v. *Dennett*, 26 ·Me. 397; *Arms* v. *Ashley*, 4 Pick. 74.

In this case the writing is silent as to the fact or time of the delivery of the wheat; and it might, therefore, be shown that the wheat therein referred to was actually delivered when the written promise was made, as admitted here, or at a subsequent day. In the latter case the writing would be construed as an offer or proposition good while it remained open; and if acted on, and the wheat delivered and accepted before it was withdrawn, the promise would thereupon become binding.    1 Story, Cont. § 572.

But the written proposal or promise could not be contradicted by parol, though it might be shown that it was or was not accepted, or that the stipulated quantity of wheat was or was not in fact appropriated to the agreement.   The general rule is that the omitted portions of a contract which does not apper to be complete may be proved by parol, but so much of the contract as is in writing must be proved by the writing.    *Thomas* v. *Scutt*, 127 N. Y. 138, (27 N. E. 961.)    See Smith, Cont. *73; 1 Greenl. Ev. § 304.

It is true that in some instances an instrument purporting to be a contract, and actually signed by parties, may be shown not to be operative, for various reasons, or it may be controlled by an independent agreement not in writing.    A conspicuous instance is the case of *Domestic Sewing Mach. Co.* v. *Anderson*, 23 Minn. 57.    No reason appears in this case why the writing in question should not be operative according to its terms.    It is not claimed to have been issued through fraud, mistake, or inadvertence.    For aught that appears, it is the conclusion of the parties in respect to so much of the agreement as is in writing, viz. that part of it which defines the defendant's relation to the contract as that of purchaser, and not simply that of bailee.

The defendant's principal assignment of error relates to the ruling of the court rejecting his offer to show that, upon the date named in Exhibit A, said ticket was issued to the parties thereto for a portion of a larger quantity of wheat delivered, "and for the purpose of indicating that the said wheat was held by the said Hansen subject to the order of Sylte."    So much of the offer was objected to as tending to contradict the writing, and the objection was sustained.    The ruling extended no further.    For reasons already stated, we think the court ruled correctly.    It did not, however, preclude the defendant from introducing evidence in respect to other

matters embraced in his general offer, or permissible under the rule above stated. The defendant, however, introduced no other evidence.

The defendant raises no question as to the plaintiff's title to the wheat ticket, or the indebtedness represented thereby. And, there being no special agreement as to the price, the law will imply that the price to be paid was the fair market value of the wheat on the day of the delivery, being the date of the writing.

He does not deny that plaintiff claims under, and has succeeded to the rights of, the original payee, Sylte. He stands in the shoes of the latter; and the rule therefore applies, that as between parties to a written agreement, or their privies, parol evidence cannot be received to contradict or vary its terms. Strangers to a contract are, of course, not bound by it, and the rule excluding extrinsic evidence in the construction of writings is inapplicable in such cases; and it is relaxed where either one of the parties between whom the question arises is a stranger to the written agreement, and does not claim under or through one who is a party to it. In such case the rule is binding upon neither. But it is manifestly inapplicable in this case.

It was admitted at the trial that the market value of the wheat on the day of its delivery—the date of the writing—was eighty cents per bushel.

We think the court properly allowed interest from the date of the writing, the wheat having been already delivered. No date of payment is fixed in the writing. No credit is contemplated, and it was due presently.

Had there been simply a cash sale and delivery of the wheat, the amount due would have borne interest from the day of the delivery, and there is nothing in the writing qualifying such rule of liability. It is distinguished from a promise to pay upon demand, which requires a demand, at least a judicial demand, to set the interest running. This distinction is recognized by the authorities. The rule, summarily stated, is that a note or other instrument containing an express promise to pay money, without any time specified, is in law payable immediately, and interest runs from its date. *Farquhar* v. *Morris,* 7 Term R. 124; *Francis* v. *Castleman,* 4 Bibb, 282; *Rogers* v. *Colt,* 21 N. J. Law, 19; *Purdy* v. *Philips,* 11 N. Y. 406, 1

Duer, 369; *Selleck* v. *French*, 1 Am. Lead. Cas. (4th Ed.) 507. Some authorities also distinguish between an express promise to pay money, and a mere acknowledgment of indebtedness, or an I. O. U., *Gay* v. *Rooke*, 151 Mass. 115, (23 N. E. 835,)—a point unnecessary to inquire into here.

Judgment affirmed.

GILFILLAN, C. J. I dissent. The ticket is not a contract. A contract not within the statute of frauds may be shown partly by writing, as letters, for instance, and partly by oral testimony; but in such case I do not think the writings, they not being a contract, exclude oral testimony of what the parties actually agreed on, though it may be contrary to what the writings, standing alone, might indicate, as to some of its terms.

(Opinions published 57 N. W. Rep. 315.)