SARAH J. BURNETT *et al.* Appellees, *vs.* RUFUS M. POTTS, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 4, 1908.*

PRINCIPAL AND AGENT—*when an agent is not entitled to retain money advanced by a proposed purchaser.* A contract whereby a real estate agent is to have as his commission all he obtains for the land above a fixed price creates the relation of principal and agent, and the agent is entitled to no compensation until the principal receives the price fixed upon, unless his failure to receive it is his own fault; and hence the agent has no right to retain advance money forfeited by a proposed purchaser, but such money belongs to the principal.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

GRAHAM & GRAHAM, for appellant.

ALBERT SALZENSTEIN, and JNO. L. KING, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Sarah J. Burnett and others brought this action of assumpsit in the circuit court of Sangamon county against Rufus M. Potts to recover $1000, and the interest thereon, for money had and received by Potts to the use of plaintiffs. A jury was waived by agreement of the parties and a trial had before the court, resulting in a finding and judgment in favor of the plaintiffs below for $1117.95. This judgment has been affirmed by the Appellate Court for the Third District, and Potts has brought the record to this court by his further appeal.

The case is this: Appellees were the owners of 417.72 acres of land in Christian county which they authorized appellant to sell for $35,000 net cash to appellees, appellant to have as compensation all that he could sell the land for over $35,000. The agency contract was in writing and contained the terms upon which a sale could be made. Appellant made a contract of sale of the premises with Thomas C. Bowman for $37,500, $1000 of which was paid to appellant at the time the contract was executed, the balance to be paid at different times between the date of the contract and the first of March following. Appellees furnished an abstract showing a merchantable title, and executed a deed and deposited it in escrow with the First National Bank of Taylorville, to be delivered to the purchaser when the $35,000 was paid to the bank for the use of appellees. Bowman made default under his contract and never paid anything on it except the $1000. After the time had expired in which Bowman was to pay for the land, appellees withdrew their deed from the bank and the contract was rescinded. This suit is brought against appellant to recover the $1000 paid to him by Bowman.

Appellant claims that he has a right to retain this $1000 as commission for making the sale and to re-imburse him for expenses incurred in connection with his efforts to effect the sale. The money sued for was paid to appellant in

his capacity as agent for the owner. The money at no time belonged to appellant, as between him and his principals. Appellant was not entitled to any compensation for making this sale until appellees received the $35,000, unless their failure to so receive it was the result of their own fault. That it was not the fault of appellees is determined against appellant by the affirmance of this judgment by the Appellate Court.

Appellant contends that under the agreement between the parties the relation was in the nature of that of vendor and purchaser, and that appellant was part owner of the funds paid by Bowman and should be allowed to retain his share of the $1000. We cannot agree with this contention. Appellant was not a part owner either in the land or the proceeds of a sale thereof, should one be made. Appellees were entitled to $35,000 before appellant would have any right to compensation. Since his right to any compensation did not arise under the contract until appellees were paid $35,000, it necessarily follows that the first $35,000 paid on the contract would belong to appellees. Appellant would have no interest in this fund. If he sold for a sum exceeding $35,000 the excess would belong to him. As to such excess appellant could make any terms he might see proper, and any contract he might make in regard to such excess he would make, not as agent, but for himself. The $1000 in question in this case must be regarded, as between the parties to this suit, as a part payment of the $35,000 due to appellees, in which appellant had no interest.

*Robinson* v. *Easton,* 93 Cal. 80, (27 Am. St. Rep. 167,) and Warvelle on Vendors, (sec. 237,) are cited by appellant in support of the proposition that a contract such as the one made by the parties to this suit creates the relation of vendor and vendee. The California case seems to sustain appellant's contention, but the case in this regard is not based upon any authority and we do not regard it as sound upon principle. What is said by Warvelle on this subject is

based entirely on this California case. Contracts such as the one in question have always been regarded by this court as creating the relation of principal and agent. (*Pierce* v. *Powell,* 57 Ill. 323; *Evans* v. *Huey,* 76 id. 115.) Such contracts differ from the usual agency contract where the compensation of the agent is a per cent of the price at which the sale is made, only in that the compensation is contingent upon the agent's obtaining more for the land than the owner has agreed to accept. If appellant had sold this land for $35,000 he would have been compelled to turn the entire proceeds over to his principals. We do not see upon what legal grounds he can be allowed to retain any part of the purchase money when only $1000 has been paid.

The rulings of the court below on the several propositions of law submitted by appellant were in accordance with the views that we have herein expressed.

There being no error in the record the judgment of the Appellate Court is affirmed.            *Judgment affirmed.*