Argued April 17, decided May 13, 1913.

## STEWART *v.* WILL.*

(131 Pac. 1027.)

**Brokers — Sales — Negotiations — 'Performance of Contract—Right to
Commissions.**

1. When a broker employed to negotiate a sale of land without
fault, fraud, concealment, or other improper practice produces a pur-
chaser with whom the owner makes a valid and enforceable contract
for the sale of the premises, the broker has earned his commission,
though the contract is never carried out.

[As to sufficiency of the broker's services to entitle him to com-
missions, see note in 139 Am. St. Rep. 232.]

**Brokers—Exchange of Property—Right to Commissions.**

2. Where a broker employed to make an exchange of property
represented to defendant, his client, that the other party to the con-
tract had a perfect title to the land he was to convey to defendant,
and the contract of exchange was thereupon executed, but was never
carried out because such title was not good, the broker could not re-

---

*Performance of contract by real estate broker to find a purchaser
or effect an exchange of his principal's property, see note in 44 L. R. A.
593.—REPORTER.

cover commissions on the·theory that he had performed his engage-
ment by producing a person with whom his client executed a con-
tract of exchange.

[As to marketability of title and effect of the lack of it in a real
estate transaction, see note in 132 Am. St. Rep. 992.]

From Marion: PERCY R. KELLY, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by S. B. Stewart against George
Will to recover a broker's commission for the alleged
negotiation of the sale of real property. The defend-
ant on July 23, 1910, executed to the plaintiff a writ-
ing, authorizing him to sell his farm of 275 acres in
Marion County, Oregon, at $100 an acre, or to exchange
the land for other real property, and in case the prem-
ises were disposed of Will promised to pay Stewart
a commission of 5 per cent of the stipulated purchase
price. The plaintiff secured as a buyer A. M. Abbott,
with whom the defendant entered into a written con-
tract for the sale of the farm at $27,500, in considera-
tion for which Abbott agreed to pay in cash $2,900, to
convey by a good and sufficient warranty deed a farm
of 150 acres in Clarke County, Washington, subject,
however, to a mortgage of $4,500, the payment of which
the defendant assumed. Abbott further agreed to. as-
sign to Will a promissory note of $6,600 secured by a
mortgage of 320 acres of land in Sherman County, Ore-
gon, and also to execute to Will a promissory note for
$4,500, to be secured by a trust deed of seven acres of
land at Falls City, Polk County, Oregon, ten acres near
Mosier, Wasco County, and three acres and 1½ lots
in Chehalis, Lewis County, Washington. Abbott
stipulated to furnish abstracts of the title to the real
property which he was to convey in fee, and in trust,
and also to the land upon which he held the mortgage
for $6,600. The abstracts furnished pursuant to such

agreement did not show a perfect title in Abbott to any of the tracts of land, and also disclosed that the $6,600 mortgage was a subsequent lien. For these reasons Will refused to execute to Abbott a deed of the Marion County land.

The complaint is based on the theory that, the plaintiff having secured a purchaser with whom the defendant entered into a written contract, the commission was thereby earned.

The answer denied some of the averments of the complaint, and for a further defense alleged that the plaintiff had represented to the defendant that Abbott's title to the several tracts of real property was good and merchantable, when the title thereto was imperfect, setting forth the alleged defects therein.

The reply put in issue the allegations of new matter in the answer, and the cause being tried resulted in a verdict and judgment for the defendant, and the plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Seitz & Seitz,* with an oral argument by *Mr. Maurice W. Seitz.*

For respondent there was a brief over the names of *Messrs. Flegel & Reynolds* and *Mr. George G. Bingham,* with an oral argument by *Mr. John W. Reynolds.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. Several errors are assigned, but none of them will be considered except the request for a directed verdict for the plaintiff. The rule is quite general that when a broker employed to negotiate the sale of land, without fault, fraud, concealment or other improper practice, produces a purchaser with whom the owner makes

a valid, binding and enforceable contract for the sale of
the premises, the commission has been earned, though
the contract for the sale of the land is never carried
out: 23 Am. & Eng. Ency. Law (2 ed.), 917; *Wilson*
v. *Mason,* 158 Ill. 304 (42 Pac. 134, 49 Am. St. Rep.
162); *Francis* v. *Baker,* 45 Minn. 83, 84 (47 N. W. 452).
"When the broker," says Mr. Justice Loring in *Roche*
v. *Smith,* 176 Mass. 595, 599 (98 N. E. 152, 154, 51
L. R. A. 510, 79 Am. St. Rep. 345), "knows that the cus-
tomer produced by him has not a title, and omits to
tell his principal of that fact, he has not acted in good
faith, and has not earned his commission."

2. A. F. Flagel, as defendant's witness, testified that
the plaintiff told him that he had stated to Will at the
time the exchange of the land was proposed that the
title to all of the real property to be conveyed by
Abbott was clear, except as to land in Chehalis, Wash.
Edward Will, as defendant's witness, in answer to
the inquiry: "Were you present in the Bank of Wood-
burn when Mr. Stewart and Mr. Abbott and your
father were present, the time negotiations were being
had in reference to this exchange of land? Yes, sir.
What, if anything, was said by Mr. Stewart at that
time or by Mr. Abbott in Mr. Stewart's presence with
reference to the title of the property? To which prop-
erty? The property of Mr. Abbott. The property
was to be clear, clear title, all but that mortgage on
the Clarke County property." In the case at bar there
was testimony received at the trial from which the jury
might reasonably have concluded that, in order to
secure a contract for the exchange of the land, Stewart
represented to Will that Abbott's title to the property
to be conveyed or mortgaged to the defendant was free
from all encumbrances, except as to mortgages on land
in the State of Washington. The abstracts submitted
by Abbott disclosed defects in the title. The plaintiff

probably supposed the title was perfect, but representing it as such did not make it so, and he is responsible for such declarations. No error was committed in refusing to direct a verdict for Stewart.

All the testimony given at the trial has been attached, and made a part of the bill of exceptions. From a careful examination of the entire testimony, we cannot say there is no evidence to support the verdict: Constitution of Oregon, Article VII, § 3.

The judgment is therefore affirmed.     AFFIRMED.

---

Demurrer to petition argued April 29, decided April 30, dismissed on stipulation May 16, 1913.