ANTON J. KLEMIK and Another v. HENRICKSEN JEWELRY COMPANY and Others.[1]

February 26, 1915.

Nos. 18,975—(199).

**Action on contract — pleading — motion to strike out.**

1. When one transaction or agreement constitutes an inducement or part consideration for another deal or contract, it is not objectionable in bringing suit upon the latter to plead the pertinent matters of the former.   In this case the court committed no error in refusing to strike matters of inducement from the complaint or in refusing to compel an election.

**Ambiguity in contract — construction by conduct — question for jury.**

2. An ambiguous part in a written contract may, by subsequent acts of

1 Reported in 151 N. W. 203.

the parties with reference thereto, be rendered certain. In such case, where the subsequent acts are in dispute, it is not improper to leave the interpretation of the ambiguous provision to the jury, although, as a general rule, the construction of a written contract is for the court.

**Statute of frauds — consideration.**

3. The contract sued on was not within the statute of frauds, requiring the consideration to be expressed therein.

**Charge to jury.**

4. No prejudicial error is found in the charge, or in the refusal to give certain requested instructions.

**Consideration of contract — parol evidence.**

5. The contract not being within the statute of frauds, it was permissible by oral testimony to prove that another contract constituted a consideration, although no reference is made thereto in either contract.

**Evidence — rulings of court.**

6. No reversible error is found in the rulings upon the reception or exclusion of evidence, nor in the alleged misconduct of respondent's counsel.

Action in the district court for Hennepin county to recover $1,-521.77 for failure to discharge plaintiff's debt. The case was tried before Dancer, J., who when plaintiff rested dismissed the action as to A. L. Henricksen, and a jury which returned a verdict in favor of plaintiffs for $1,743.71. Defendants' motion for a new trial was denied, if plaintiffs consented to a reduction of the verdict by the sum of $100.20. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*R. R. Briggs,* for appellants.

*Courtney & Courtney,* for respondents.

HOLT, J.

In April, 1910, the Henricksen Jewelry Co., a corporation, bought of plaintiffs a four-fifths interest in the retail jewelry business carried on by them, as partners, in Superior, Wisconsin. As part of the consideration the corporation was to pay, according to plaintiffs' contention, the existing debts of the partnership and the remainder of the purchase price was to be paid in cash or merchandise. Marius Henricksen and A. L. Henricksen were the officers and principal

stockholders of the corporation. A. L. Henricksen took an active part in the new partnership. Among the debts of the old firm was one to L. Gutman & Sons of $1,521.72, secured by a real estate mortgage upon 160 acres of land in North Dakota owned by one of plaintiffs. This was not paid by the corporation and plaintiffs were sued by L. Gutman & Sons. The defense was apparently conducted by M. Henricksen and his attorney. Dissension soon appeared in the new partnership, and in November, 1910, plaintiffs sold their remaining interest to A. L. Henricksen. At the time plaintiffs claim the following instrument, Exhibit E, was executed:

"Nov. 23, 1910.

"M. Henricksen hereby agrees to settle and pay claim held by Gutman & Sons against Klemik Bros., $1,521.72 + the expenses under power of attorney held by him. Said claim now pending settlement in court. A. J. Klemik to appear in defense of said claim without compensation or fees.

"M. Henricksen,
"Henricksen Jewelry Co.
(Seal)                        "By A. L. Henricksen."

It may be stated that, a few days before the Henricksen Jewelry Co. bought the four-fifths of the business, plaintiffs gave M. Henricksen a power of attorney to settle and compromise with their creditors. L. Gutman & Sons, not being paid, foreclosed the mortgage mentioned; and this action was brought by plaintiffs for damages for the failure to pay the debt. The court dismissed the action as to A. L. Henricksen. The verdict was for plaintiffs, and the remaining defendants appeal from the order denying them a new trial.

Defendants, before answering, moved to strike out all matters in the complaint referring to the transaction in April, and the promise then made by the corporation to pay plaintiffs' existing indebtedness. The motion was denied, likewise a motion at the trial to require an election. Of this complaint is made. Passing the question whether the court's action in refusing to strike out parts of the pleading is reviewable on an appeal from the order denying a new trial, we think the complaint was not open to the attack made. It is obvious that the two transactions were, upon plaintiffs' theory, connected in that

the unperformed agreement of the corporation to pay the debt to L. Gutman & Sons was an inducement and part consideration for the sale of the remaining interest and the making of the agreement of November 23, 1910. Such being the case, it was eminently proper to allege the matters fully. Nor was there an attempt to plead the facts in such a manner that a recovery might be had under either of two theories or causes of action. There was but one cause of action stated—the agreement of November 23, 1910—and hence no occasion to compel an election. Nor may the two defendants successfully urge a variance because the proof, as viewed by the trial court, failed to sustain the allegation of the complaint that the third defendant joined in the agreement. Morgan v. Brach, 104 Minn. 247, 116 N. W. 490.

The contract made in April when the corporation bought four-fifths interest in plaintiffs' firm was received in evidence. Because of an omission to insert the total of the firm's debts in a blank space, left for the purpose, the contract was, perhaps, ambiguous in one particular, namely, whether the corporation had the option of paying part or all of the purchase price by furnishing goods to the new partnership, or whether all the indebtedness of plaintiffs must first be paid. The court permitted the jury to arrive at the intention of the parties in this respect by considering the construction their subsequent conduct placed upon the provision. It is elementary that the parties to a contract containing a doubtful provision may render the same clear and certain by acts done with reference to the provision. 1 Dunnell, Minn. Dig. § 1820, and cases therein cited in note 56.

We are of the opinion that the April contract was properly admitted, for it had an important bearing upon the contentions of the parties, depending upon the interpretation the jury would find the proper one in the respect mentioned. It is obvious that if the jewelry company had the option to pay the entire purchase price for the four-fifths interest bought in April with merchandise, and had so done, no occasion existed for assuming any other obligation on November 23; and we would not expect plaintiffs to attempt to obtain more for their remaining one-fifth interest than it was worth.

On the contrary, if the corporation in November was in default upon their April contract, we may well appreciate that plaintiffs would insist that in the sale then made they should have a new and more effective contract from not only the corporation but from Marin; Henricksen as well.

As a general rule the interpretation or construction of a written contract is for the court. The court however submitted to the jury the matter in contract, Exhibit E, and that was in reference to the meaning of the clause, "+ the expenses under power of attorney held by him." Conceding this to be error no prejudice resulted, for the court reduced the verdict by $120, being the full amount of all expenses proven which might have been recovered under that clause.

As we look upon this case the real material fact in dispute was the delivery of Exhibit E, the agreement of November 23. If this contract was delivered and was legally binding the verdict is right. Defendants contend that it is an agreement to answer for the debt of another, and fails because no consideration is expressed therein. We think not. It was unquestionably exacted as part of the consideration for the sale of the one-fifth interest of the plaintiff in the business, and in part based upon the fact that the corporation had thus far failed to perform the prior agreement. The question of delivery was tersely and adequately submitted to the jury. Their finding cannot be disturbed.

Counsel for defendant lays great stress on the fact that the written agreement whereby plaintiffs sold their one-fifth interest to A. L. Henricksen provides for the payment of the full purchase price, permits plaintiffs to hold possession until it is paid, and makes no mention of the payment of the L. Gutman & Sons' claim. Therefore, it is said, Exhibit E cannot be a part of the transaction, the sale to A. L. Henricksen was no inducement or consideration for the agreement by M. Henricksen and the corporation to pay L. Gutman & Sons, and further that it is not permissible by oral testimony to connect the two. The contention is not sound. A written agreement not showing mutuality or consideration on its face may be supported by proof of another contract made at the same time, the making of the one being a consideration for the entering into the

other. Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862. The proof may be oral, unless the contract comes within the statute of frauds. Horn v. Hansen, 56 Minn. 43, 57 N. W. 315, 22 L.R.A. 617. The real consideration for a written contract may, as a rule, be shown. 1 Dunnell, Minn. Dig. § 3373, note 87, cites the cases.

Insofar as defendants' requests to charge embodied correct statements of the law they were given or their substance incorporated in the general charge. The court need not use the exact words of a proffered instruction. As long as the same thought is conveyed in clear and apt language the form or choice of words is of no great importance.

We are not at all sure that the trial court rightfully eliminated from the verdict the mortgage foreclosure expenses for which plaintiffs became liable because of defendants' failure to pay the claim of L. Gutman & Sons, and therefore cannot perceive prejudice to defendants from the reception of the foreclosure decree in evidence.

Neither does the proposition appeal to us that defendants should have been allowed to show want of authority in A. L. Henricksen to deliver Exhibit E. If plaintiffs' version of the transaction was true both the Henricksens participated in the delivery, they were the principal officers and stockholders in the corporation, and they as well as the corporation derived benefits from the whole deal.

It is asserted that plaintiffs' counsel in addressing the jury by dramatic control of voice and pose gave such power and effect to the otherwise apparently harmless language employed that defendants were highly prejudiced. The trial court saw nothing in the episode likely to mislead the jury. Neither do we.

Order affirmed.