## H. E. MARTINSON v. SOPHIA HENSLER.[1]

May 5, 1916.

Nos. 19,578—(36).

**Broker's commission limited to excess over net price.**

1. A contract by which the compensation of a real estate broker for effecting a sale of land is limited to the excess of the purchase price over and above a net price to the owner imposes no personal liability upon the owner, where the purchaser presented by the broker is unable to perform the contract of purchase.

**Same — owner may show purchaser was irresponsible.**

2. Where the broker's commission is so limited, the fact that the owner upon presentation of a purchaser enters into a contract of sale with him, does not estop the owner from showing when sued for the commission that the purchaser was irresponsible, unable to perform, and for that reason that the contract of sale was canceled by mutual consent. Francis v. Baker, 45 Minn. 83, distinguished.

**Finding of court construed — admission in pleadings.**

3. A finding by the trial court that all allegations of the pleadings not embraced within the findings expressly made are not true, *held* not to negative the truth of express admissions made by such pleadings.

Action in the district court for Pipestone county to recover a balance of $836 for services in procuring a purchaser for 312 acres belonging to defendant. The case was tried before Olsen, J., who made findings and

[1]Reported in 157 N. W. 714.

---

Note.—On the right of broker to commissions when the purchaser procured by him is financially unable to perform his contract see note in 20 L.R.A.(N.S.) 168.

On effect of purchaser's default on the performance of broker's contract see note in 44 L.R.A. 623.

ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion to amend the conclusions of law so as to direct judgment in his favor or for a new trial, was denied. From the order denying the motion and from the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Louis P. Johnson,* for appellant.

*Cady & Cady,* for respondent.

BROWN, C. J.

Defendant's intestate, John Hensler, was the owner of an improved farm in Pipestone county, consisting of 312 acres. Plaintiff was a real estate broker residing at Parker, in the state of South Dakota. On October 30, 1910, plaintiff called at Hensler's home on the farm and made preliminary inquiry as to whether he desired to sell the place. The farm had not theretofore been listed for sale, but Hensler stated that he would be willing to sell if he could get his price, which he fixed at $60 per acre. Further negotiations and talk resulted in a reduction of the price to $59 per acre, with the understanding that plaintiff, if he effected a sale, was to receive as his commission all that he could sell the farm for over and above $59 per acre, the net price of the owner. At the time plaintiff came into Minnesota on this mission he brought with him a young woman, who resided near Parker, South Dakota, as a prospective purchaser of the farm, and he so informed Hensler; and he further stated that he thought he could sell the place to this person. Later in the day he took this prospective purchaser out to the farm and she looked it over and then orally agreed to purchase the same at $62 per acre. An executory contract was subsequently made out by a banker at Ruthton, a village near by, and it was signed by both parties. The vendee paid the sum of $600 as the first instalment of the purchase price, of which amount $100 was paid over to plaintiff as a part of his commission, and the balance credited to Hensler's account at the bank. This all took place on October 30, 1910, but no further steps were ever taken, so far as the record discloses, looking to the performance of the contract by the vendee. In fact she was unable to perform, apparently abandoned the contract and, as testified to by Hensler, it was for that reason canceled by mutual consent in July, 1911. Nothing further transpired in

the matter until some time during the year 1913, the precise date does not appear, when a real estate dealer residing at Pipestone, this state, presented himself to Hensler as the assignee of the contract, claiming the right thereunder to perform the same. After the abandonment of the contract, or cancelation thereof in July, 1911, Hensler made certain valuable improvements upon the farm, and he was unwilling when the assignee made his claim to perform the contract, unless these improvements were taken into account and the purchase price of the property increased accordingly. This the assignee declined to consider and threatened suit to enforce the contract. To avoid a lawsuit, Hensler testified, he settled the matter by paying to the assignee the sum of $1,600; of which $600 was to be returned to the vendee. Here again the matter rested until March, 1914, when plaintiff brought this action to recover his alleged commission for effecting a sale of the farm.

At the conclusion of the trial the parties consented to discharge the jury and to submit the cause to the court for decision. Findings of fact were thereafter made, and judgment was ordered for plaintiff for the full amount of his alleged commission, less $100 paid at the time of the transaction. Defendant then moved the court to amend the conclusions of law by eliminating therefrom the conclusion that plaintiff was entitled to judgment and inserting in lieu thereof an order for judgment in defendant's favor. Hensler thereafter died and his administratrix was substituted as party defendant. The motion was denied. Judgment was entered for plaintiff and defendant appealed.

We are of opinion, and so hold, upon the facts stated, and found by the court, together with the express admissions of the pleadings, that the learned trial court was in error in denying the motion of defendant for an amendment of the conclusions of law so as to award judgment in defendant's favor.

There is no controversy in the case as to the commission plaintiff was to receive. It was expressly agreed that Hensler was to get $59 per acre net for the land, and plaintiff was to receive for his compensation all the land sold for over and above that amount. In this connection the court found in this language:

"And it was further agreed that whatever sum over and above $59.00 per acre should be received for said land upon the sale thereof should go

to and be received by the plaintiff as his compensation for finding the purchaser and making the sale."

The defendant's answer alleged these facts:

"That said purchaser was not able to buy said premises upon said terms and that she did not on March 1, 1911, pay or tender payment of the balance of $18,744 in accordance with the terms and provisions of said contract, or has she ever paid or tendered payment thereof or any part thereof, and said contract has been in all things canceled."

The reply expressly admitted these allegations. In the face of these facts it seems clear that there can be no personal liability on the part of the owner to the broker. There is in such case no engagement on the part of the owner to pay any commission whatever. He simply permits and authorizes the broker to sell the land at a net price, and agrees that for his services the broker may retain any amount received over and above such net price. The owner does not become a debtor of the broker, unless the contract is enforceable in an action for specific performance or unless it is in fact performed by the vendee. Burnett v. Potts, 236 Ill. 499, 86 N. E. 258; Beale v. Bond, 84 Law Times N. S. (Eng.) 313; Riggs v. Turnbull, 105 Md. 135, 66 Atl. 13, 8 L.R.A.(N.S.) 824, 11 Ann. Cas. 783. If the purchaser produced is in fact financially irresponsible and unable to perform, there should be no liability even though the owner entered into an executory contract of sale with him. In this respect the case is unlike those where the broker is entitled under his contract to a per cent of the purchase price or the reasonable value of his services. In such case, where the owner accepts a proposed purchaser, brought to him by the broker, and enters into a contract of sale with him, no further inquiry can be made into the question of the purchaser's ability to perform. The owner is estopped to raise the question and becomes liable for the agreed commission or the reasonable value of the broker's services. Francis v. Baker, 45 Minn. 83, 47 N. W. 452. But the rule of that case, applied generally by the authorities, can have no application where the commission of the broker is measured by the amount received for the property over and above the net price of the owner, for no sound principle of the law will impose liability for the mere act of entering into a contract of sale with an irresponsible purchaser, where the commission of the broker is thus expressly limited.

In such case the purchaser in reality becomes a debtor of both the owner of the property and the broker, and the latter, to entitle him to compensation, should bear the burden of producing a purchaser who is able to pay for the property, or otherwise perform the contract of purchase. We so hold. We are not, however, to be understood as holding that the owner may escape liability by refusing to enter into a contract with a responsible purchaser produced by the broker, or by canceling the contract and thus preventing performance by the vendee. Gransbury v. Saterbak, 116 Minn. 339, 133 N. W. 851; Smith v. Mullen, 116 Minn. 198, 133 N. W. 566, and Meyer v. Keating L. & M. Co. 126 Minn. 411. 148 N. W. 452, are distinguishable in their facts and not here in point.

This covers all that need be said, for it disposes of the case on the merits. We may add, however, that the finding of the trial court that all the allegations of the pleadings not embraced within the express findings of fact are not true, should not be construed as negativing the truth of express admissions of the pleadings. And in this view the admissions of the reply that the vendee was unable to perform the contract must stand as an admitted fact in the case.

Judgment reversed.

On May 19, 1916, the following opinion was filed:

PER CURIAM.

Attention is called in an application for a reargument of this cause to the claim that the record upon which the same was submitted to this court incorrectly states the facts as to the state of the pleadings. We disposed of the case upon the theory that the allegations of the answer to the effect that the purchaser was unable to perform the contract were expressly admitted by the reply. It is now claimed that at the opening of the trial counsel conceded that such allegations were not admitted and that the trial proceeded accordingly. No such concession appears from the settled case, and it is now sought in this application for rehearing to correct the record so that it shall appear. We disposed of the case upon the record as certified by the trial court and upon the admitted allegations of the pleadings. We did not consider the effect of Exhibit 1, which may on a new trial have an important bearing on the case, and a consideration of which would have been necessary in the absence of

the admission made by the reply. It is probable that there was a mistake in making up the record, but we hold that it cannot be corrected on this *ex parte* application for a rehearing. If the facts justify the correction at this time it should be made to the court below upon notice to appellant. We therefore remand the cause to the court below for further proceedings.

Application for rehearing denied.