BRODIE *v.* ANDREWS.

1. BROKERS—WHEN COMMISSION EARNED.
   Where principal accepts purchaser and enters into binding and enforceable contract for purchase of property, broker's commission is fully earned.

Performance of contract by a real estate broker by finding a purchaser or effecting an exchange of his principal's property, see annotation in 44 L. R. A. 593.

2. SAME—PRINCIPAL AND AGENT—DUAL AGENCY—FRAUD.

Where fact that broker was acting for both parties in exchange of real estate was known and set up fully in agreement signed by them, there was no fraud barring his right to recover commission.

3. SAME—FRAUD.

Where it was understood that defendants were to receive mere equities, and agreement signed by both parties so states, broker was not guilty of fraud in representing that they were to receive title free and clear of all incumbrances.

4. SAME—WAIVER.

Where fact that broker incorrectly stated period of time over which installments might be made on property to be received by defendants in exchange became known to them and they insisted on certain payments being made before executing contract, fraud of broker, if any, was waived.

Error to Wayne; George (Fred W.), J., presiding. Submitted October 8, 1930. (Docket No. 28, Calendar No. 35,079.) Decided December 2, 1930.

Assumpsit by Robert M. Brodie against Peter Andrews and another for commissions under a real estate agreement. From directed verdict and judgment for plaintiff, defendants bring error. Affirmed.

*Daniel M. Lynch,* for plaintiff.

*Pius A. Walsh,* for defendants.

CLARK, J. This is an action in assumpsit to recover commissions claimed to be due the plaintiff for effecting a sale of certain interests in real estate belonging to defendants. Plaintiff had judgment on directed verdict. Defendants bring error.

Plaintiff was engaged by defendants to find a purchaser for their interests or equities in two pieces

of real estate. He found Joseph and Victoria Van Houdt, who also owned equities or interests in certain real estate. The parties agreed to exchange. The agreement was reduced to writing and signed by all the parties. Later defendants refused the request of the Van Houdts that they complete the agreement and did not complete it.

The defense attempted is that plaintiff, the broker, was guilty of fraud and therefore may not recover. The rule is, quoting from *Francis* v. *Baker,* 45 Minn. 83 (47 N. W. 452), approved in *Cain* v. *Masurette,* 196 Mich. 7:

"If, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned."

The chief reason for defendants desiring to sell their property was that they were without funds to pay taxes due thereon. Between making the agreement to exchange and their refusal to complete, defendants secured funds, were relieved of financial stress, and this is the chief, if not sole, reason for their refusal. It is apparent that much of the defense is afterthought.

The fraud is said to be that the plaintiff was acting for both parties. This was known and is set up fully in the agreement signed by the parties.

It is urged that plaintiff represented that the Van Houdts had title free and clear of all incumbrances, and that this was not true. The Van Houdts were to convey mere equities. The agreement says so, and this was fully known and understood. The equities were free enough.

It is also contended that plaintiff misrepresented the time of payments of installments of the purchase price on the land contracts the Van Houdts were to assign. The agreement between the parties, prepared by the present attorney for defendants from data furnished by plaintiff is not exactly correct as to period of time over which the installments might be paid. But the plaintiff acted in good faith, the exact fact was later known, and after such knowledge defendants required the Van Houdts to pay taxes on their properties and interest and principal on their contract, which they did, and defendants set a time and place for completing the exchange. If the matter urged has significance, it was waived by defendants.

Further discussion is not required.

We decline to hold that the trial judge erred in directing verdict.

Judgment affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.