C. R. FISHER v. ELLEN RODAHL, ADMINISTRATRIX, SUBSTITUTED FOR PETER RODAHL, DECEASED.[1]

February 7, 1936.

No. 30,716.

[1]Reported in 265 N. W. 43.

410

*Frank L. King,* for appellant.
*Don. M. Smith* and *Frundt & Morse,* for respondent.

LORING, JUSTICE.

This is an action to recover a broker's commission alleged to have been earned by respondent when he procured a purchaser for appellant's farm. Respondent had a directed verdict, and from an order denying appellant's motion for judgment notwithstanding the verdict or a new trial, this appeal is taken.

July 17, 1931, appellant and respondent entered into a brokerage contract whereby respondent, for a period of 12 months, was given the exclusive right to sell or contract to sell appellant's farm. Respondent's compensation, should he be successful in finding a purchaser, was provided for as follows:

"I [appellant] hereby agree to pay you the rate of commission herein stated, upon any sale or contract for sale of said real estate * * *

"Commissions agreed upon—You [respondent] are to get your commission over and above the net price to owner of $45.00 per acre."

In September of 1931 respondent found a purchaser for the farm, and appellant and his wife, on September 8, 1931, executed a contract for deed to the purchaser. The price agreed upon was $7,905 or at the rate of $50 per acre. At the time this contract was executed appellant and respondent agreed that respondent was en-

titled to $790.50 as his commission. For convenience this agreement will hereinafter be referred to as the "second agreement" and the first contract between appellant and respondent as the "brokerage contract." Arnold, the purchaser, at the time the contract for deed was executed, paid $300 to appellant. ·Of this $300, appellant paid one-half to respondent. Arnold has paid upon the contract a total of $750, and respondent, out of this, has received $375. This suit is for the balance of the commission.

December 10, 1931, appellant and respondent executed another contract (apparently in furtherance of their agreement made on September 8, 1931) whereby appellant and his wife assigned to respondent the contract for deed with Arnold. Under its terms respondent was to collect the payments due on the contract from Arnold and was to retain half of any such payments until the amount of $790.50 was paid, and when that amount had been received by respondent the contract for deed was to be reassigned to appellant and his wife. Arnold ceased paying under the assignment, but appellant deeded the land to him under some arrangement not disclosed by the record. Respondent demanded payment of the balance of the commission and, upon appellant's refusal to pay it, commenced this suit.

The complaint sets out the brokerage contract, the execution of the contract for deed, and alleges the agreement to pay $790.50 commission. Appellant in his answer admits making the brokerage contract but denies that it was in effect at the time the contract for deed was executed; admits the second agreement with respondent but denies liability thereunder on the ground of failure of consideration. At the trial appellant moved to amend his answer so as to deny the second agreement. The court denied the motion. Appellant's efforts to prove Arnold's default were denied, the court excluding the evidence on the ground that in view of the admissions in appellant's answer the default was immaterial.

Appellant now contends that it was an abuse of discretion for the court to refuse to allow his motion to amend; that had the court allowed the amendment the brokerage contract would have been before the court for construction and would necessarily have been

construed as was the contract in Martinson v. Hensler, 132 Minn. 437, 157 N. W. 714, 991, because he could have shown the default of Arnold.

We are of the opinion that it was well within the trial court's discretion to deny appellant's motion to amend, and we fail to see that appellant was prejudiced by the denial of the motion. In any view of the case, we think that it was the intention of the parties that the commission was to become due upon the execution of the contract for deed. The general rule in land brokerage contracts is that, in the absence of fraud, where a broker produces a purchaser and the principal accepts the purchaser and enters into an enforceable contract with him, the commission is earned. Meyer v. Keating L. & M. Co. 126 Minn. 409, 148 N. W. 452. From the terms of the brokerage contract here under consideration it is apparent that the commission was to become due *"upon* any sale or contract for sale."  But even if this language were said to be ambiguous, the parties placed upon it their own construction. Klemik v. Henricksen Jewelry Co. 128 Minn. 490, 151 N. W. 203. It is undisputed that the second agreement was made, but even without proof of that agreement it was proved and not disputed that appellant, out of the payments received from Arnold, voluntarily allocated and paid to respondent one-half of these payments. The only logical inference to be drawn from this fact is that these payments were to be applied on the respondent's commission. If, as appellant contends, the commission was to be paid only after he had received a net of $45 per acre, certainly he would not have made payments to the respondent until that contingency had been complied with, or, at best, he would have paid the broker only 10 per cent of each payment received and not 50 per cent. The Martinson case, 132 Minn. 437, 157 N. W. 714, 991, cited above and relied upon by appellant, is easily distinguished upon its facts.

The appellant's contention that an affirmance of the trial court will open the door to fraud is without merit. If the parties intend that the commission is not to be paid until the net price agreed upon is received by the owner, they can easily so provide in their contract.

Since we find that the commission was due to respondent upon the execution of the contract for deed between Arnold and appellant, the numerous other assignments of error need not be discussed.

Affirmed.