## CARROLL J. NELSON AND ANOTHER v. ROSENBLUM COMPANY, INC.

182 N. W. (2d) 666.

December 18, 1970—No. 42402.

*Gene H. Rosenblum,* for appellant.

*Sanborn, Rice, Holcomb & Grayson* and *Richard A. Grayson,* for respondents.

Heard before Knutson, C. J., and Otis, Peterson, Kelly, and Rosengren, JJ.

PETERSON, JUSTICE.

The question, upon the undisputed facts in this case, is whether a real estate broker who, in performance of a written net listing agreement with his principal, secures a financially responsible purchaser of his principal's property has earned his commission, notwithstanding the purchaser's breach of a legally enforceable purchase agreement, and may recover his commis-

sion from the earnest money paid by the purchaser. We answer in the affirmative.

On August 4, 1969, plaintiffs, Carroll J. Nelson and Joann C. Nelson, entered into a net listing agreement with defendant, Rosenblum Company, Inc., for the sale of their property. The agreement, set forth in greater detail in the margin,[1] provided that defendant was to sell or contract to sell plaintiffs' duplex "at the price of $36,000 net," in consideration of which defendant was to be paid, as commission, "the sum of over $36,000 net" as compensation for its "services in securing a purchaser." On August 11, 1969, defendant secured purchasers for the property who entered into a legally enforceable purchase agreement for the price of $37,500. Earnest money of $2,500 was paid by the purchasers to defendant, and the balance was to be paid October 1, 1969.

---

[1] "I or We hereby authorize you, ROSENBLUM COMPANY, INC. to sell or contract in my name to sell, the following property: *1213 Summit Ave. duplex* at the price of *$36,000 net* on the following terms: . . . . . . . . . . . . . . . and hereby give you the exclusive sale and listing of said property until *September 1, 1969,* and thereafter until you have received from me a written notice by registered mail terminating this agreement; you are to use your best efforts to provide a purchaser therefor. In consideration thereof, I or we agree to pay you as commission the sum of *over $36,000 net* Dollars as compensation for your services in securing a purchaser if said property is sold by you or any agent acting for you or myself or any other person before the expiration of this agreement, or within ninety (90) days thereafter to any person with whom you have had negotiations for sale, either upon said terms or upon any terms accepted by me.

"I or We hereby represent the title of said property to be good in *my name* and agree to furnish a properly certified abstract of title without delay (or a Torrens certificate) showing marketable title to the property, and will duly execute or cause to be executed and delivered to the purchaser a deed thereof with full covenants of warranty conveying a marketable title to the purchaser, except *Mtg. $26,000 25 yrs. 7¼%.*

\* \* \* \* \*

"We, ROSENBLUM COMPANY, INC., agree to give our best efforts to a sale thereof." (Handwritten portions italicized.)

On September 26, 1969, the purchasers advised defendant that they had taken employment in Florida and that they would accordingly default upon the contract, forfeiting the earnest money. Defendant duly communicated this information to plaintiffs and offered to remit to them the earnest money, less defendant's commission of $1,500 ($37,500 less $36,000 net) and an additional out-of-pocket expense of $14.20 for abstract costs which it had advanced.

Plaintiffs demanded that defendant pay them the entire $2,500 and commenced this action to collect that sum. Defendant counterclaimed for the $1,514.20, in effect contending that plaintiffs were entitled to only $985.80.

The trial court, upon motion of each party for summary judgment, ordered judgment against defendant for $2,485.80 ($2,500 earnest money paid, less the $14.20 for abstract costs advanced by defendant). Defendant appeals from the judgment so entered.

The controlling fact is that defendant had performed its agreement, in accordance with its express language, by "securing a purchaser" at the stated minimum price. The controlling principle is that stated by Mr. Justice Mitchell in Francis v. Baker, 45 Minn. 83, 84, 47 N. W. 452, 453:

"* * * [I]f, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor."

The parties, it must be observed, did not condition payment of the commission upon actual consummation of the purchase agree-

ment, a distinguishing circumstance noted by Mr. Justice Loring in Fisher v. Rodahl, 196 Minn. 409, 412, 265 N. W. 43, 44.[2]

The judgment for plaintiffs is reversed and the case is remanded with direction to enter judgment for plaintiffs in the sum of $985.80, with interest but without costs.[3]

Reversed.

---

[2] Dictum in Martinson v. Hensler, 132 Minn. 437, 440, 157 N. W. 714, 715, 991, made the rule of Francis v. Baker, 45 Minn. 83, 47 N. W. 452, inapplicable in the case of a net listing contract if the purchaser was financially irresponsible and unable to perform, which was not the situation in either Fisher v. Rodahl, 196 Minn. 409, 265 N. W. 43, or the instant case. Although this distinction may have been blurred by later language of Schramsky v. Hollmichel, 233 Minn. 481, 47 N. W. (2d) 177, the holding in Schramsky was that the broker's commission had been conditioned upon actual consummation of a sale.

[3] We do not, by this result, decide that a broker may recover a commission upon a net listing agreement in an amount greater than monies received sufficient to pay it. Cf., Restatement, Agency (2d) § 445.