## A. VANCE BROWN *vs.* GEORGE EATON.

### April 5, 1875.

**Specific Performance—Defence that land is Homestead, etc., must be pleaded specially.**—In a suit to enforce specific performance of a contract to convey land, the defendant cannot avail himself of the facts that the land is his homestead, that he is a married man, and that his wife did not join in the contract, as a defence to the action, without pleading such facts as a defence, unless the plaintiff consents to try that defence without it being pleaded. Those facts cannot be proved under a mere denial of the execution.

**Statute of Frauds—Authority of Agent to Sell Land.**—The authority of an agent to make such a contract need not be in writing.

**Contract for Sale of Land—Tender by Purchaser.**—When the making of the deed by vendor, and the payment of part of the price, and securing the remainder, by the vendee, are to be concurrent acts, if the vendor unqualifiedly refuses to carry out the contract, the vendee need not tender the money and security before bringing suit.

**Testimony of party before referee in a former action.**—When one of the parties to a suit was examined in another suit to which he was a party, before a referee appointed to take proofs, the referee's report of his testimony is competent to prove what he swore to in that suit.

Action for the specific performance of a contract to convey certain described land, in writing and signed by one Girart Hewitt, as defendant's agent. Defence, that Hewitt had no authority to enter into the contract, that defendant never agreed to sell or convey the land to plaintiff, that plaintiff has not performed or offered to perform on his part, and that defendant's wife has an inchoate right of dower in the land, and refuses to convey, by reason whereof defendant has ever been unable to give a good title, as plaintiff well knew. Trial in the district court for Ramsey county, before *Wilkin*, J., who found for the plaintiff, and ordered judgment accordingly: a new trial was refused, and defendant appealed.

*Morris Lamprey*, for appellant, upon the point that the contract was void, the land being his homestead, cited *Barton* v. *Drake, ante* p. 299.

*Chas. E. Otis*, for respondent.

GILFILLAN, C. J. This is a suit to enforce specific per-

formance of a contract to convey real estate, tried by the court below without a jury, and judgment ordered for the plaintiff.

The defendant makes the point that the real estate was his homestead ; that at the time of making the contract, he was a married man, and that the contract is void, because his wife did not join in it. This defence is not set up in the answer, and the court below does not find the facts to sustain it. Although it may be gathered from the evidence that a part, at least, of the real estate was probably defendant's homestead, it does not appear that plaintiff waived the pleading of this defence, or consented to try it without being pleaded. It cannot, therefore, be insisted on here.

The defendant, in his answer, denies the contract, and he insists that because, if it be true that the real estate was his homestead, and his wife did not join in the contract, it is void, and no contract, he can, under his denial, prove these facts. A mere denial of the execution of an alleged contract will not admit proof *aliunde* the contract to avoid it.

The alleged contract was made, on behalf of defendant, by Girart Hewitt, and was in writing subscribed by defendant, by the hand of Hewitt. The latter had, at first, written authority, subscribed by defendant, to sell the real estate, which authority was, by the terms of the writing, to continue for a limited time, and the price and terms of sale were prescribed by it. The contract of sale made by Hewitt to plaintiff was made after the time limited, and was for a price and on terms differing from those prescribed in the written authority. Plaintiff offered and was permitted, against defendant's objections, to introduce oral testimony to prove that, after the term of the original authority expired, the defendant orally extended the time for the agent to sell, and authorized him to sell at the price, and on the terms upon which the contract of sale was made.

A contract to sell real estate must be in writing ; but it may be executed by an agent whose authority is oral. 1 Sugden on Vendors, Perkins' Ed., 216, and note *a; Mc-*

*Whorter* v. *McMahan*, 10 Paige, 386 ; *Lawrence* v. *Taylor*, 5 Hill, 107.

The contract of sale acknowledged the receipt of $100 of the purchase price, and contained the clause, " If title not good, the above $100 to be refunded." This did not make the contract conditional, so that defendant could refuse to comply with its terms, on the ground that the title was not good, but was intended to secure the plaintiff a return of the money, if he should have a right to refuse, and should refuse to take the title, by reason of defects in it.

By the terms of the contract, part of the purchase money was to be paid when " a deed with good title " was made, the remainder in one and two years, to be secured by mortgage on the premises. The defendant unqualifiedly refused to carry out the contract. This excused plaintiff from tendering the money and mortgage before suit. Fry on Spec. Perf. § 619 ; *Vaupell* v. *Woodward*, 2 Sandf. Ch. 143 ; *Crary* v. *Smith*, 2 N. Y. 60.

The copy of the contract introduced was competent, for it was shown with reasonable certainty that the original was lost, or at least, that after diligent search, it could not be found.

The plaintiff offered in evidence the referee's report of the testimony of this defendant, taken upon an order of reference in a suit by Ann Eaton against this defendant. Such examinations are competent to prove, *prima facie*, at least, what the party swore to. *Lynde* v. *McGregor*, 13 Allen, 182 ; *Knowlton* v. *Moseley*, 105 Mass. 136.

Part of the defendant's testimony, so reported by the referee, related to the contract sued on in this action, and tended to show, either that Hewitt had authority to make the contract, or that defendant ratified the contract after it was made, and so far it was material. The contents of the report not material to this action could not have influenced the result.

The points of appellant not above specified are covered by the principles stated herein. The order denying a new trial is affirmed.