CHARLES M. GOSS and another *vs.* LEVI H. STEVENS.

November 29, 1884.

**Agent to Sell Land—Compensation, when Earned.**—One authorized as agent to sell land, but without power to convey, who has procured a purchaser, and bound him by contract to purchase the land upon the terms prescribed by the principal, or upon such modified terms as the principal has elected to accept and ratify, has performed his duty, and is entitled to the stipulated compensation.

**Same—Ratification of Unauthorized Contract.**—A contract for the sale of land, made by an agent without authority of his principal, may be ratified by the latter in any manner expressing his assent thereto.

**Same—Evidence of Ratification.**—Evidence considered sufficient as *prima facie* proof of ratification.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Merrick & Merrick* and *J. M. Quarles,* for appellants.

*Chas. J. Bartleson,* for respondent.

DICKINSON, J.   The plaintiffs seek to recover a stipulated compensation for their services as agents of the defendant, in selling real property of the latter. At the trial, upon the plaintiffs' case being closed, the court dismissed the action. The appeal is from an order refusing a new trial. It appeared upon the trial that the defendant,

by a written memorandum, authorized the plaintiffs to sell for him a certain tract of land, upon terms, as to price and manner of payment, particularly set forth; and promised, upon sale of the property, to pay plaintiffs a stated commission. The evidence went to show that, after this authorization, the plaintiffs agreed with certain parties (Avery and Walters) for the sale of the property to them, upon terms materially different from those prescribed by the defendant; and that the plaintiffs, as agents, executed with the purchasers a writing embodying a statement of the contract of sale, and a specific agreement, on the part of Avery and Walters, to purchase the property on the terms stated therein. In the body of this instrument the plaintiffs are recited to have made the sale "as authorized agents," and to their signature are added the words, "Agents of L. H. Stevens." The plaintiffs, having proved the execution of this contract, and having offered evidence going to show that the defendant had ratified it, offered the contract in evidence. This was rejected.

We think the court erred. There was abundant evidence to entitle the plaintiffs to go to the jury upon the question of ratification, going to show that the defendant, after he had been advised as to the terms of the contract which had been made by his agents in his behalf, acquiesced in and confirmed their acts. Since the agents might have been orally authorized to make the sale, (*Brown* v. *Eaton*, 21 Minn. 409; *Dickerman* v. *Ashton*, Id. 538,) their unauthorized acts done in defendant's behalf might be ratified in any manner expressing his assent thereto. It was not necessary that the ratification be in writing. *Brown* v. *Eaton*, 21 Minn. 409, 410. Ratification of the unauthorized sale would relate back to the acts of the agent and be equivalent to prior authority. *Stewart* v. *Mather*, 32 Wis. 344; *Nesbitt* v. *Helser*, 49 Mo. 383.

This contract, if ratified by the defendant so as to cure the variance from the prescribed terms of sale, would have been *prima facie* proof of the plaintiffs' right to recover. It bound the purchasers to take the property upon the terms stated, and this constituted a sale of the property, within the meaning of the agreement between the plaintiffs and the defendant. *Goss* v. *Broom*, 31 Minn. 484; *Rice* v. *Mayo*, 107 Mass. 550. The contract bears upon its face the character of a

contract between the plaintiffs' principal, executed through them as agents, and the purchasers. In an action upon the contract parol evidence would be admissible, if any proof was necessary, to disclose the defendant as the principal in whose behalf the contract was made. *Rowell* v. *Oleson, ante,* p. 288, and cases cited. Having bound the parties by an authorized contract, any inability or refusal of the principal to consummate the contract which he had authorized should not affect the agents' rights to compensation. *Mooney* v. *Elder,* 56 N. Y. 238; *Delaplaine* v. *Turnley,* 44 Wis. 31; *Phelan* v. *Gardner,* 43 Cal. 306; *Nesbitt* v. *Helser,* 49 Mo. 383.

Order reversed, and new trial awarded.