KUTUSOFF N. MACFEE and another *vs.* MARGARET HORAN.

March 17, 1891.

**Real-Estate Agent—Commission.** — Evidence considered, and *held* sufficient to support the findings of fact in this case.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial before *Hooker, J.,* and judgment ordered for plaintiffs for $2,875 and interest from May 26, 1886. A former appeal is reported, 40 Minn. 30.

*C. D. & Thos. D. O'Brien,* for appellant.

*Jackson & Atwater,* for respondents.

VANDERBURGH, J. The court finds that on the 10th day of May, 1886, the defendant employed the plaintiffs, real-estate agents, to negotiate a sale and find a purchaser for the land described in the complaint, for the price and upon the terms then specified and agreed upon between these parties. It also finds that the plaintiffs thereafter procured a purchaser therefor upon such terms, who was accepted by the defendant, and a contract was entered into by and between her and such purchaser, and the first and second instalments of the purchase price paid to and accepted by her under such contract. Under the contract relations of the plaintiffs as her agents, they had earned their commissions when the contract was fulfilled by procuring a satisfactory purchaser acceptable to and accepted by her. We think the evidence supports these findings, and the legal conclusion that plaintiffs are entitled to judgment, unless the contention of the defendant can be supported in respect to the alleged double relation sustained by the plaintiffs to the purchaser and the defendant. Defendant's only assignment of error is that it manifestly appeared from the evidence, uncontradicted, that the plaintiffs were acting for both parties. The court finds specially "that the plaintiffs, in making the sale, were acting for the defendant and not for the purchaser, and acted in good faith towards her." Certain testimony of the plaintiff Macfee is claimed to be inconsistent with this finding, and this renders it necessary to consider the circum-

stances of the employment in connection with the agency of plaintiffs in making the sale in question. The defendant alleges in her answer that plaintiffs made divers offers to purchase the property prior to the contract of agency, and she testifies that at several times plaintiff Macfee had asked her to set a price on the land, and that she told him he could have it at her price. She therefore knew that he was anxious to purchase the land when she made the agreement with plaintiffs. Macfee also states that a "pool," composed of his brother and others, were going to buy the land of the purchaser they secured for defendant; but he also testifies that the pool was made up after the contract of sale was made, and it does not appear, whatever the ultimate purposes of the parties may have been in respect to the property, that they or either of them were employed by or acted for the purchaser they secured. Plaintiffs' evidence also shows that defendant employed both plaintiffs in person, gave them her terms, which were reduced to writing, limited the time to 15 days in which to secure a purchaser, and expressed a desire that both should work together and share in the commissions, which she agreed should be at the customary rate. In view of this and other evidence in the case, we are unable to say, in opposition to the finding of the court, that it clearly appears that the plaintiff Macfee assumed any relations to other parties incompatible with his duty to the defendant, and it is not claimed that Emmons did.

Order affirmed.