# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

### JOHN R. CURRENT v. JOHN W. MUIR.[1]

#### July 20, 1906.

#### Nos. 14,786—(101).

**Broker's Commission—Parol Evidence.**

    A. agreed to pay B. a commission of a stipulated sum per acre for lands for which he found a purchaser. B. produced a purchaser, C., who entered into a written contract with A. to purchase a certain number of acres of land. In an action by B. against A. to recover commissions, *held,* that it was error to permit A. to show an oral agreement between him and C. made before the execution of the contract, by which C. was to have the right to refuse to take a part of the lands described in the contract. As B.'s right to compensation arose out of, and was measured by, the written contract, the parol evidence rule applies in the action between A. and B.

    Action in the district court for Jackson county to recover $480 as broker's commission on the sale of land. The case was tried before Quinn, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and new trial granted.

    *Hall & Kolliner* and *E. T. Smith,* for appellant.
    *Knox & Faber,* for respondent.

[1] Reported in 108 N. W. 870.

99 M.—1

ELLIOTT, J.        .

Muir being the owner of certain lands, employed Current, a real-estate broker, to sell the lands and agreed to pay him as compensation therefor a stipulated price .per acre on all lands for which he found purchasers upon terms of sale agreeable to Muir.   Under this contract Current produced one Kleinschmidt who entered into a written contract with Muir whereby Muir agreed to sell and Kleinschmidt to purchase, upon the terms stated therein seven hundred fifty three acres of land.   After this contract was duly executed, Kleinschmidt paid for four hundred thirty three acres of land and declined to purchase the remaining three hundred twenty acres.   Current was paid his commission on four hundred thirty three acres, and brought this action to recover the commission alleged to be due on the sale of the three hundred twenty acres.   The contract between Muir and Kleinschmidt was signed July 18, 1903.   Kleinschmidt refused to take the entire acreage but about six months thereafter he purchased the same land from Muir on substantially the same terms stated in the original contract.   Muir's contention was that the written contract did not state the actual contract between him and Kleinschmidt, and the trial court permitted him to show by oral evidence that before the contract was signed it was agreed between him and Kleinschmidt that, notwithstanding the fact that the three hundred twenty acre tract was included in the written contract he need not purchase it, unless he thereafter desired to do so.   In other words, the defendant was permitted to. show ·by· oral evidence that during the negotiations that led up to the written contract it was agreed between the parties that the writing which purported to express all the terms and conditions of a valid contract, did not express the actual agreement of the parties.

It is commonly said that the parol evidence rule is binding only on the persons who are parties to the writing.   This form of statement suffices in most instances to reach the correct result, but it is not sound in principle.   The theory of the rule is, that the parties have determined that a particular document shall be made the sole embodiment of their legal act for certain legal purposes.   The writing is the net result of all prior negotiations.   It alone expresses and represents the terms of the legal act.   The scattered facts have been brought together, the undesirable and ineffectual discarded, and the desirable and ac-

cepted welded into final form and embodied in the writing. What was said during the negotiation of the contract, or at the time of its execution, must be excluded from consideration, because the parties have made the writing the only depository and memorial of the truth, and whatever is not found in the writing must be understood to have been waived or abandoned. The document is not, properly speaking, the evidence of the contract; it is the contract itself. Kelly v. Cunningham, 1 Allen, 473; 4 Wigmore, Ev. § 2425. As the document in the eye of the law is the contract between the parties, it must be accepted as final for the measurement and adjustment of all rights and obligations which rise out of it. Strangers to the contract may also be strangers to the relation created and controlled by it. But whoever comes within the purview of the relation cannot be permitted to vary or contradict the terms of the memorial which is the sole and final embodiment of the legal act. To this rule there are no exceptions. Parties cannot of course, by a written contract, conclude strangers as to rights which exist independently of the writing.

In the present case Current was seeking to enforce a right which arose out of and was measured by the terms of the written contract between Muir and Kleinschmidt. The contract of employment between Muir and Current was incomplete and ineffective until Muir entered into the contract with Kleinschmidt. Muir agreed to compensate Current for services rendered and the amount of that compensation is determined by the terms of the contract with Kleinschmidt. Until the written contract was executed, Current had no right of action. Immediately upon its execution his right to compensation arose out of it, and was measured by it. Independently of the writing Current had no claim against Muir. His right originated in the relation created by the written contract, and he is entitled to recover his commission unless Muir may be permitted to contradict the express terms of the writing by showing an oral agreement made before the document was executed. This he cannot do. As said in a recent work on Evidence, "Where one, although not a party to the instrument, bases his claim upon it, and seeks to render it effective in his favor as against the other party to the action, by enforcing a right originating in the relation established by it, or which is founded upon it, the parol evidence

rule applies." 1 Elliott, Ev. § 572, and cases there cited. The ruling of the trial court was therefore erroneous.

Order reversed and a new trial granted.