## E. L. GRANSBURY v. CARL O. SATERBAK.[1]

December 29, 1911.

Nos. 17,300—(154).

**Broker's commission — when earned.**

Where an owner of real estate agrees to pay an agent a commission on all lands sold to purchasers procured by the agent, and the principal without fraud on the part of the agent accepts a proposed purchaser presented by the agent, and enters into an enforceable contract with him, the commission is earned, though the purchaser fails to make the payments provided by the contract.

**Construction of oral agreement for the court.**

Whether the agent in this case orally agreed to make the payment of his commission contingent on the purchaser making a payment provided for in the contract was on the evidence a question of law for the court, and the decision that the language used did not constitute such an agreement was correct.

[1] Reported in 133 N. W. 851.

[Note] Broker's right to commissions where purchaser procured by him is financially unable to perform his contract, see note in 20 L.R.A. (N.S.) 1168.

Action in the district court for Traverse county to recover $160 for services performed under a written contract. The reply was a general denial. The case was tried before Flaherty, J., who denied a motion to dismiss the action at the close of plaintiff's case, and directed a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Charles. E. Houston,* for appellant.

*F. W. Murphy,* for respondent.

BUNN, J.

In May, 1908, plaintiff and defendant entered into a contract in writing, by the terms of which defendant agreed to pay plaintiff a commission of one dollar per acre on all lands sold by defendant to customers brought or sent to him by plaintiff. Plaintiff brought one Abbott to defendant, and on January 27, 1909, defendant sold to Abbott a quarter section of land. On that day a written contract for such sale was entered into between Abbott and defendant. By its terms the total purchase price was $5,000, $200 of which was paid in cash, $1,800 to be paid March 1, 1909, the remainder to be secured by mortgages. This action was brought to recover the commission of $160 on this sale to Abbott. The answer alleged that at the time of entering into the contract of sale with Abbott it was expressly agreed between plaintiff and defendant that plaintiff should receive a commission of $160 out of the $1,800 to be paid on the purchase price March 1, 1909, and that the payment of such commission should be entirely contingent upon the payment of said $1,800.

The evidence showed that the purchaser never made any further payment on the contract, though defendant demanded such payment. Defendant testified that, after the terms offered by Abbott were made known to him, he called plaintiff aside, and told him that, if he was satisfied to take his $160 out of the $1,800 payment March 1, he, defendant, would close the deal, and that plaintiff said this was satisfactory. Plaintiff was not present at the trial, and did not testify. The trial court directed a verdict for plaintiff,

holding, in effect, that this oral agreement as testified to by defendant did not amount to an agreement by plaintiff to make the payment of his commission contingent upon Abbott's making the $1,800 payment. This appeal is from an order denying a new trial, and involves the question whether the court was correct in its construction of the testimony of defendant, or whether it was for the jury to determine what the parties intended.

We are of the opinion that the trial court correctly disposed of the case. Granting that the answer sufficiently pleaded a modification of the written contract by a subsequent verbal agreement, it was necessary for defendant to prove such modification. It cannot be questioned that, under the written contract, plaintiff, if he acted without fraud and in good faith, was entitled to his commission when the contract of sale was made. Defendant accepted the purchaser and the terms, and the contract was enforceable. If it was not carried out, though without fault of defendant, there was still a sale, and the plaintiff was entitled to his commission.

It was doubtless competent for the parties to modify the written contract by a subsequent parol contract based on a consideration, but the burden was on the party claiming the contract was so modified to prove it. There was no conflict in the evidence, and defendant's testimony did not justify different inferences. It was for the court to say what the parties intended by the conversation testified to, considering the language used and the surrounding circumstances. So far as appears, plaintiff had earned his commission when he produced a purchaser ready, able, and willing to buy on terms that were satisfactory to defendant, and there seems no great probability that he would agree to make his commission contingent upon the purchaser's carrying out the contract, while he might well consent, as an accommodation to defendant, to postpone the payment of the commission.

We hold that it was for the court to say what the oral agreement was, and we agree with its decision.

That the court did not err in refusing to dismiss at the close of plaintiff's case is clear from what has been already said. The assignments of error challenging a ruling of the trial court sustain-

ing an objection to evidence, and a ruling striking out an answer of a witness to a question are without merit.

Order affirmed.