# DAN MEYER v. KEATING LAND & MORTGAGE COMPANY.[1]

July 17, 1914.

Nos. 18,548—(87).

**Broker's compensation.**

1. Where a broker procures a purchaser for the lands of his principal, and the principal, without fraud or other wrongdoing on the part of the broker, accepts the purchaser and enters into an enforceable contract with him for the sale of the lands, the broker's compensation is earned.

**Fraud of broker — rescission by owner.**

2. If the broker fraudulently misrepresents the financial ability of the purchaser, and the purchaser is unable to carry out the contract of purchase, and the principal relies upon such representation to his prejudice, he may rescind by a voluntary agreement with the purchaser, and, if a rescission is thus made, the broker will not be entitled to compensation. The evidence justifies a finding that the broker fraudulently misrepresented the financial condition and ability of the purchaser giving the principal, as against the broker, a right of rescission by agreement with the purchaser.

**Partial rescission —liability to broker.**

3. If the principal and the purchaser by mutual agreement rescind, and as a condition of the rescission, and as a part of the agreement therefor, the purchaser accepts a portion of the lands included within the contract, the transaction amounting in effect to a partial rescission by agreement and a partial purchase in accordance with the contract, the principal is liable to the broker in some amount.

Action in the district court for Stevens county to recover $32,605 for commissions in making sale of farm lands. The case was tried

[1] Reported in 148 N. W. 452.

Note.—The general question of the performance of a contract by a real estate broker to find a purchaser or effect an exchange of his principal's property is considered in a note in 44 L.R.A. 593. And on the right of a broker to commissions where purchaser procured by him is financially unable to perform his contract, see note in 20 L.R.A.(N.S.) 1168.

before Flaherty, J., who directed a verdict in favor of defendant M. C. Keating, and a jury which returned a verdict in favor of defendant Keating Land & Mortgage Co. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*F. J. Lewis Meyer, Jesse Van Valkenburg* and *A. B. Kaercher,* for appellant.

*Cliff & Purcell,* for respondents.

DIBELL, C.

This is an action by the plaintiff, a real estate broker, to recover of the defendant Keating Land & Mortgage Co. an agreed compensation upon the sale of certain farm lands. There was a verdict for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

1. The essential facts, either proved or to be taken as proved on this appeal, are within brief compass. The defendant company was the owner of 2,397 acres of farm lands, constituting a number of separate farms, in the counties of Big Stone and Stevens. It agreed with the plaintiff that he might have all in excess of $35 per acre which he might obtain upon their sale. The plaintiff found a purchaser in the person of one Paul Wagner of Iowa. The company and Wagner, on September 7, 1909, entered into a written and enforceable contract for the purchase of the lands for $116,500. Of this amount $1,000 was paid at the time, $23,000 was to be paid as soon as abstracts were furnished and deeds delivered, such time to be within 30 days, $30,000 was represented by Texas lands owned by the plaintiff and conveyed in part payment, and $62,500 was represented by a first mortgage, these various items making a total of $116,500. It was agreed that the plaintiff should take the Texas lands at $30,000, and apply that sum upon his agreed compensation.

When a broker procures a purchaser, presents him to his principal, and the principal, without fraud or other wrong on the part of the broker, accepts him and enters into an enforceable contract with him, the broker's compensation is earned. Francis v. Baker, 45 Minn. 83, 47 N. W. 452; Macfee v. Horan, 45 Minn. 519, 48 N. W. 405; Goss v. Stevens, 32 Minn. 472, 21 N. W. 549; Grans-

bury v. Saterbak, 116 Minn. 339, 133 N. W. 851. And see Moore v. Irwin, 89 Ark. 289, 116 S. W. 662, 20 L.R.A.(N.S.) 1168, 131 Am. St. 97.

In the case first cited Mr. Justice Mitchell said:

"Where a person agrees with a real estate broker to pay him a commission if he procures a purchaser for his property on specified terms, the broker, in order to entitle him to his commission is bound to present a purchaser who is ready, able, and willing to buy on the proposed terms; and the principal is not bound to accept a proposed purchaser unless he is able to perform the contract on his part according to the proposed terms. But it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor."

And in the case last cited Mr. Justice Bunn said:

"It cannot be questioned that, under the written contract, plaintiff, if he acted without fraud and in good faith, was entitled to his commission when the contract of sale was made. Defendant accepted the purchaser and the terms, and the contract was enforceable. If it was not carried out, though without fault of defendant, there was still a sale, and the plaintiff was entitled to his commission."

The case at bar seems to be such a case. It was tried on such theory.

The defendant, however, claims that the plaintiff fraudulently represented the financial condition and ability of Wagner, and that it rescinded the contract of purchase by mutual agreement with him, and that because of the fraud of the plaintiff he cannot recover compensation. This is the claim now to be considered.

2. It was soon apparent, or at least the jury might have found, that Wagner was financially unable to carry out his contract. By mutual agreement between him and the defendant company the contract was rescinded by a formal writing. The company defends against the claim of the plaintiff for compensation upon the ground that he fraudulently misrepresented the financial condition and situation of Wagner to its prejudice; that Wagner could not in fact carry out the contract; and that it rescinded by a voluntary agreement with him. If the plaintiff fraudulently misrepresented the financial condition of Wagner, and the defendant relied upon such misrepresentation to its prejudice, and Wagner was unable to complete the contract, and thereupon the contract was rescinded by mutual agreement, the plaintiff is not entitled to compensation. The evidence in support of the charge of fraud, and in support of the claim of the defendant that it rescinded because of such fraud, is not strong, but it made a question for the jury; and the general verdict for the defendant necessarily includes a finding for the defendant on these two issues.

3. If the facts stated were all of the material facts proved or offered to be proved the case would present no particular difficulty, passing as unnecessary for decision certain rulings on evidence. There is evidence, however, that at the time of the rescission by Wagner and the Keating Co. the company insisted that Wagner take 680 acres of the land included in the contract at $50 an acre, or for a total price of $34,000, and that Wagner did so, and afterwards carried out this arrangement. This, according to the plaintiff's contention, was a part of the agreement for rescission. The company claims that 640 acres of the 680 acres really belonged to one Luke J. Keating, the son of the principal officer of the company, that he had conveyed it to the Keating company so that it might be included in the sale to Wagner, and that when the sale failed, and on October 25, 1909, it was re-deeded to him, together with an additional forty. At the same time Keating conveyed the 680 acres to Wagner, for a consideration of $34,000. Here comes the difficulty. If the Keating Co. was induced by the fraud of the plaintiff as to the financial ability of Wagner to enter into the contract for the sale of the 2,397

acres, it had the right to rescind by an agreement with Wagner. If a rescission was thus made the plaintiff would not be entitled to his agreed compensation. The company could not, however, as a part of the contract of rescission between it and Wagner, require him to take 680 acres of the land included in the contract at $50 per acre and thus escape liability to the plaintiff for compensation. It could not claim that fraud avoided the contract with the plaintiff, giving it a right to rescind by agreement with Wagner, and in making a rescission insist upon Wagner taking 680 acres as a condition of the rescission and evade all liability to the plaintiff. It could not claim the contract severable for purposes of rescission and entire for the purpose of keeping plaintiff from his compensation. The evidence is such as to permit, though not to require, a finding that the Keating Co. and Wagner were, in substance at least, carrying out the contract as to the 680 acres, and that the transfer to Luke J. Keating and the transfer by him to Wagner were only to give to the transaction an appearance different from the reality. The jury were denied the right to consider this transaction for the purposes suggested and in this there was error.

We do not anticipate what may be the evidence or the findings on the different issues upon another trial; nor do we attempt to state the proper rule of damages applicable to the situations which may arise. We do not know whether a situation may arise which will make the amount recoverable the full compensation agreed upon; or whether there may be a recovery upon the basis of an agreed compensation upon a sale of 680 acres; or upon the basis of a reasonable compensation in effecting a sale of the 680 acres; or whether the situation will be such that nothing at all can be recovered. The case is replete with possible questions of difficulty which can be solved only when the proofs are in.

Order reversed.