# DAN MEYER v. MICHAEL C. KEATING AND ANOTHER.[1]

December 1, 1916.

Nos. 19,937—(89).

**Broker — action for commission — evidence.**

1. In this action to recover commission on a sale of real estate, the evidence sustains the verdict that plaintiff produced a purchaser who entered into a valid written contract with the defendant company; that the purchaser was able and could be compelled to perform, and that plaintiff did not misrepresent the purchaser's financial condition to defendants.

**Former appeal — law of the case.**

2. The court submitted properly the right to recover and the basis thereof in case the jury should find that plaintiff procured the sale of part of the premises described in the contract, such submission being in accord with the law of the case on a former appeal (126 Minn. 409).

**Evidence — parol modification of contract.**

3. No error, available to defendants, was made in permitting testimony of an oral modification of the contract which was partially carried out, inasmuch as it was restricted by the charge to its possible bearing upon the purchaser's ability to perform the contract.

Action in the district court for Big Stone county against Michael C. Keating and Keating Land & Mortgage Company to recover $32,605 as compensation for making a sale of real estate. The case was tried before Qvale, J., and a jury which returned a verdict for plaintiff in the

[1]Reported in 159 N. W. 1091.

Note.—For authorities on the question of nature of contract by which owner agrees to pay another all over a specified sum for procuring a sale, see note in 35 L.R.A.(N.S.) 116.

The question of right of broker to commissions where purchaser procured by him is financially unable to perform his contract, is discussed in a note in 20 L.R.A.(N.S.) 1168.

sum of $5,100 and interest. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Cliff & Purcell* and *O'Brien, Young & Stone,* for appellants.

*Kaercher & Freeks* and *F. J. Lewis Meyer,* for respondent.

HOLT, J.

Action for commission upon a sale of real estate. The employment was admitted, but the defense was that plaintiff, by misrepresenting the financial ability of the purchaser, induced the defendant company to make the contract, and that the purchaser was unable to perform, wherefore the contract was canceled by mutual consent of the parties thereto. Plaintiff had a verdict and defendants appeal from the order denying a new trial.

There are two defendants, M. C. Keating and Keating Land & Mortgage Company, a corporation. All the dealings herein referred to on the part of the company were carried on solely by M. C. Keating, its president and manager. The company owned or had the right to sell 2,397 acres of farm land in the counties of Big Stone and Stevens, and agreed with plaintiff that he might have all in excess of $35 per acre which might be obtained on their sale. Plaintiff found as a purchaser one Paul Wagner and brought him to the company. On September 7, 1909, the company and Wagner entered into a valid written contract to convey all of the land for $116,500; $1,000 whereof was then paid; $23,000 was to be paid in 30 days, when deeds were to be received; $62,500 on time, secured by purchase money mortgage; and $30,000 was to be allowed for two sections of land in Texas, which Wagner was to convey ostensibly to the company, but which plaintiff agreed to take upon his commission on the basis of $30,000. Plaintiff claims that some time thereafter Wagner and the company orally modified the terms of the $23,000 payment and the condition that the Texas land should be conveyed clear. In the first part of October, 1909, Wagner came to Minnesota and took possession. On the twenty-third of the same month the company and Wagner signed a writing canceling the contract of September 7. The writing recited that it was impossible for Wagner to make the payments. Three days later, a more formal contract of cancelation, prepared by the attorney of the company, was executed by the parties. With reference to this cancelation

plaintiff offered testimony, tending to show that after Wagner had taken possession of the farms, and was prepared to close the deal in accordance with the modification orally agreed upon, the company suggested a cancelation of the contract; but, as a condition, insisted that Wagner purchase at $50 per acre section 11 of the lands embraced in the contract, claimed to have been owned by a son of the defendant M. C. Keating at the time the contract was made, and 40 acres of section 12. Wagner claims to have been coerced into the proposed purchase, and that this was the real consideration sought and obtained by the company for the cancelation. This, of course, is denied by defendants.

The law governing this case was clearly announced on the former appeal herein (Meyer v. Keating L. & M. Co. 126 Minn. 409, 148 N. W. 452), and the facts are there stated in a more concise form, perhaps, than here.

It is conceded that plaintiff was to have the two sections of Texas lands and $2,605, if the executory contract of September 7 between the company and Wagner could be enforced against the latter, for Wagner did not consent to its cancelation. Defendants attempted to prove that it was not enforceable because of Wagner's inability to perform. It is very questionable whether under the doctrine of Gransbury v. Saterbak, 116 Minn. 339, 133 N. W. 851, and Horan v. Stevens, infra, p. 43, this defense had any standing under the facts of this case. Another available defense, if established, was that through plaintiff's fraud the company was induced to enter the contract, and when this fraud was discovered it canceled and rescinded the deal. The court submitted these defenses to the jury. The jury found them not proven. The verdict is assailed as not sustained by the evidence. Under this head appellants insist it appears from the evidence that Wagner was not financially able to perform; that the company was induced to enter the sale contract through plaintiff's fraud; that no personal responsibility devolved on the company if Wagner failed to perform; that Wagner did not perform and there is no evidence that he was able to perform the contract according to the terms therein expressed; and that, to plaintiff's knowledge, defendants did not own section 11 included in the contract. Some of these propositions are readily disposed of. The evidence is ample to sustain the finding that plaintiff made no false or fraudulent representations to defendants as to Wagner's financial ability to carry out the contract.

Defendants admitted of record that the company at all times since September 7, 1909, could furnish title to section 11 according to the terms of the contract. Under the evidence, as we read it, assuming now that all was properly admitted, the jury could find ability on the part of Wagner to carry out the contract and that he could have been compelled to perform according to the terms therein expressed. The jury having found upon sufficient evidence that the defendant company made an enforceable contract in fact, and one not rescindable for fraud, with the purchaser produced by plaintiff, the latter was entitled to recover the commission agreed upon if the company, without his consent, canceled the contract. Under such circumstances plaintiff's position must be viewed from the same standpoint as if there had been a performance by the purchaser. This is not opposed to what was held in Martinson v. Hensler, 132 Minn. 437, 157 N. W. 714, as defendants seem to claim. The Chief Justice in that opinion stated that the facts therein were distinguishable from the facts controlling in Meyer v. Keating L. & M. Co. supra. We cannot hold that the verdict is without support in the record on this branch of the case. There was no such change in the testimony adduced at the last trial that the law announced on the former appeal should not apply and become the law of the case.

Defendants also assign errors at the trial. One relates to the showing of an alleged modification of the terms of the contract of September 7. Over objection, evidence was received that, shortly after the contract was made when Keating visited Wagner at his home in Knoxville, Iowa, it was mutually agreed between them that Wagner should give his note for $7,000 so as to make the cash payment, on delivery of the deeds, $16,000 instead of $23,000, and should also give his note to the company for $8,888 to balance the amount due on the Texas lands; that there were some flaws to be corrected in the titles proffered by the company, and that these notes were executed together with a check for $16,000 by Wagner and left in escrow to be turned over to the company when the titles it tendered were perfected. Error is also predicated on the court's refusal to strike out this evidence and upon the submission thereof to the jury. In the charge the jury were specifically instructed that the evidence just mentioned could be considered only for its possible bearing upon Wagner's ability to perform the contract as written. The jury were not permitted

to pass upon Wagner's ability to perform the contract according to the claimed oral modification. So limited the evidence must have favored rather than harmed defendant. No doubt the parties to a written contract, falling within the statute of frauds, may by parol modify its terms and carry out the contract as modified. Plaintiff was not a party to the instrument nor a privy to either party, but his rights are predicated upon or grow out of it so that Current v. Muir, 99 Minn. 1, 108 N. W. 870, is applicable. However, inasmuch as the parties acted upon the modification to a certain extent, according to Wagner's testimony, it was permissible to show the agreement as bearing not only upon Wagner's ability to perform but also upon the cancelation and the result thereby intended.

Upon the pleadings as they were here before and substantially the same evidence, it was held error to withdraw from the jury the question whether the sale to Wagner of section 11 and the 40 acres in section 12 was not in substance a carrying out of the original contract to that extent. On that issue, the suggestion was made that the court determine, in accordance as the evidence might develop upon the new trial, whether damages should be measured by an agreed price or the reasonable compensation. The court upon this trial charged the jury that, if plaintiff was entitled to recover commission as for a sale of these 680 acres, he could not recover the reasonable value for lack of proof of such value, and he could only recover if an agreed compensation had been established. Plaintiff time and again testified that defendants authorized him to find a purchaser for any of the tracts, including these 680 acres, he to receive all above $35 per acre for his services. The question was submitted in strict accordance with the law announced in the former opinion.

Furthermore, the trial court was satisfied that the verdict was based on a finding that Wagner was able and could have been forced to perform the contract of September 7 according to its written terms. And so are we. Had the verdict been for procuring a sale of the 680 acres, we would have expected a verdict of over $10,000 and interest from October 26 when the sale to Wagner took place. It could not well have been for less. The verdict returned was for $5,100, and interest from September 7, 1909, the date of the original deal. The court instructed that if plaintiff had been guilty of no fraud, and Wagner was able to carry out his part of the contract of September 7, the jury should allow plain-

tiff $2,600, the sum to be paid by Wagner in addition to what the company was to receive, and the value of the Texas land. As to the value of this the evidence differed widely, permitting a finding of a sum at least as low as $2,500 which the court further reduced by $1,500. In no manner are we able to perceive any error prejudicial to defendants in the record.

The order must be affirmed.