## WILLIAM HORAN v. JOHN S. STEVENS.[1]

### December 1, 1916.

### Nos. 20,085—(216).

**Broker — action for commission — evidence.**

> The evidence is *held* sufficient to sustain a finding that the plaintiff procured a designated party ready, able and willing to exchange his farm for property of the defendant on the terms offered and that the agreed compensation for his services in such event was earned.

Action in the municipal court of Mankato to recover $200 compensation for services in making exchange of lands. The case was tried before Plymat, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*C. O. Dailey* and *Hiram S. Goff,* for appellant.

*C. J. Laurisch,* for respondent.

DIBELL, C.

This is an action by a broker to recover a claimed agreed compensation for services in procuring an exchange of lands. There were findings and judgment for the plaintiff. The defendant appeals from the judgment.

The defendant employed the plaintiff to procure one Dieteman to exchange his farm for property of the defendant. As found by the court on sufficient evidence the agreement was that, if the plaintiff induced Dieteman to exchange, the defendant would pay him $200 for his services. The finding of the court negatives the claim of the defendant that compensation was to be paid only in the event that there was an actual ex-

[1]Reported in 159 N. W. 1085.

Note.—For authorities passing on the question of right of real estate broker to commissions after finding a purchaser, or effecting an exchange of his principal's property, see note in 44 L.R.A. 593.

change of properties and the evidence is not such as to require a finding in accordance with such claim.

The law relative to the right of a broker to compensation is not in doubt. To earn it he must produce a purchaser ready, able and willing to buy on the offered terms; and if the vendor, not induced by fraud or misrepresentation, accepts the purchaser and enters into a binding contract with him, the compensation is earned. Goss v. Stevens, 32 Minn. 472; 21 N. W. 549; Francis v. Baker, 45 Minn. 83, 47 N. W. 452; McDonald v. Smith, 99 Minn. 42, 108 N. W. 290; Gransbury v. Saterbak, 116 Minn. 339, 133 N. W. 851; Meyer v. Keating Land & Mortgage Co. 126 Minn. 409, 148 N. W. 452; Martinson v. Hensler, 132 Minn. 437, 157 N. W. 714, 991.

The efforts of the plaintiff resulted in a formal contract between the defendant and Dieteman in which there were mutual covenants for an exchange on specified terms. It contained this provision: "It is agreed that said second party or his agent may view property of first party above mentioned and if found to be otherwise than as represented, or as understood by said second party, this agreement to be null and void." The defendant was the first party and Dieteman the second.

A few days after the execution of the contract the defendant, claiming misrepresentation, withdrew, using the language of his written notice, "my offer to convey the premises described in the agreement to convey in exchange made with you," and declined to make the exchange. Then this action was brought. In his answer the defendant alleged misrepresentation as to the distance of Dieteman's farm from a nearby village. Upon this claim the court found against him and the correctness of its finding is not assailed. The specific claim of the defendant upon this appeal is that, because of the provision of the contract quoted, it was not mutually binding, and by procuring it the plaintiff did not earn the compensation. Putting it in another way his claim is that the contract was no more than a proposal or offer by him to Dieteman which he might withdraw at will before acceptance. In this connection he relies upon Storch v. Duhnke, 76 Minn. 521, 79 N. W. 533.

For the purposes of this case it is not necessary to determine the precise effect of the provision quoted, and it is not to be inferred that our view is that Dieteman could arbitrarily refuse to make the exchange, and

that on the part of the defendant the contract was but a proposal. Dieteman did not claim a misrepresentation as to the property of the defendant, or that it was not as he understood it to be. He did not refuse to make the exchange. After the refusal of the defendant to exchange, he brought suit for damages for his refusal. The court finds that Dieteman was ready, able and willing to exchange. The question of his ability is not an open one, for he owned the farm and could convey it. Nor is the question of his acceptability to the defendant, for he is the one the defendant necessarily had in mind as grantor. And from the making of the contract and the facts which we have recited, it is a fair inference of fact that he was ready and willing to exchange. Some question is made that there is no proof that Dieteman owned the farm which he was to exchange. Throughout the farm is referred to as his farm, in words having a tendency to show ownership, and, if the ownership under the issues was a question of importance the character of the proof of it can not now be attacked. Under the findings and evidence the compensation was earned.

Judgment affirmed.