## J. W. OVERSTREET, DOING BUSINESS AS
## J. W. OVERSTREET COMPANY v. F. C. ROTHER.[1]

November 17, 1922.

No. 22,974.

**When broker's commission is earned.**

1. A broker earns his commission when he presents a purchaser whom his principal accepts and with whom he enters into an enforceable contract of sale.

**Answer stated no defense.**

2. The pleading of the defendant alleging in substance that some days later than his execution of the contract of sale with the purchaser produced by the plaintiff the latter guaranteed and warranted that the purchaser had the ability to complete the sale and would do so, stated no defense or counterclaim, for the commission was then earned and the guaranty or warranty was without consideration.

Action in the municipal court of Minneapolis to recover a broker's commission of $850. Defendant's answer set up a counterclaim for $500. The case was tried before Reed, J., who when plaintiff rested, sustained plaintiff's objection to the introduction of any evidence by defendant under the answer on the ground that the answer did not state facts sufficient to constitute a defense, and granted plaintiff's motion for a directed verdict. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*E. A. Waters* and *Flynn, Traynor & Traynor*, for appellant.

*Van Fossen & Garrigues*, for respondent.

DIBELL, J.

Action to recover an agreed commission for procuring a purchaser for defendant's bank stock. The court excluded certain evidence offered by the defendant as a defense and in support of his

[1]Reported in 190 N. W. 603.

counterclaim, and directed a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

In Francis v. Baker, 45 Minn. 83, 47 N. W. 452, Justice Mitchell said:

"Where a person agrees with a real estate broker to pay him a commission if he procures a purchaser for his property on specified terms, the broker, in order to entitle him to his commission, is bound to present a purchaser who is ready, able, and willing to buy on the proposed terms; and the principal is not bound to accept a proposed purchaser unless he is able to perform the contract on his part according to the proposed terms. But it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor."

This holding has been consistently followed. Gransbury v. Saterbak, 116 Minn. 339, 133 N. W. 851; Meyer v. Keating B. & M. Co. 126 Minn. 409, 148 N. W. 452; Huntley v. Smith, supra, page 297, and cases cited.

2. The defendant owned the controlling stock in the Towner County Bank, of Perth, North Dakota, and agreed to pay the plaintiff 5 per cent of a certain valuation if he procured a purchaser. The plaintiff presented a purchaser to the defendant and the defendant and the purchaser entered into an enforceable contract on terms mutually satisfactory. Within the rule stated the plaintiff was entitled to his commission. But error is claimed in the ruling of the court that certain portions of the answer stated no defense and the counterclaim no cause of action. The contract of sale was executed on September 8, 1920, and the defendant made a part

payment of $500 on the commission on September 14, 1920. The counterclaim seeks a recovery of this $500. The ruling excluding testimony is understood if we go at once to the following allegation of the counterclaim:

"That on or about the 14th day of September, 1920, the plaintiff represented to the defendant that plaintiff had procured one C. H. Alcock, ready, willing and able to purchase and pay for the said stock; that the defendant, relying upon the representations of the plaintiff with reference thereto, and the plaintiff having there and then guaranteed and warranted that the said C. H. Alcock was ready, willing and able to purchase and pay for said stock and that the said C. H. Alcock would pay therefor, the defendant thereupon paid to the plaintiff the sum of $500.00 to apply upon plaintiff's commission on said transaction."

It is conceded that the contract between the defendant and Alcock, the purchaser, was executed on September 8, 1920. The allegation of the counterclaim is that the guaranty of the plaintiff was made on or about a date 6 days after the contract between the defendant and the purchaser. The plaintiff insists that a warranty made later than the contract of sale is without consideration. This is so. The commission was earned on September 8. The later guaranty, to induce the partial payment of the $500, was without consideration.

The views stated upon this point are those of all the members of the court except the writer. His view is that the allegations of the quoted paragraph of the counterclaim, taken in connection with its other allegations and those of the answer, under our liberal rule in the construction of pleadings, should be held to admit the defense of a guaranty of performance by the purchaser or of his ability to perform as a part of the brokerage contract and as a condition to the earning of a commission, and that the pleading, first attacked at the trial, though very bad, should permit proof in support of the defense claimed.

Order affirmed.