## BANKERS SERVICE COMPANY v. B. W. SCHOUWEILER.[1]

April 17, 1925.

No. 24,579.

**Broker did not earn commission.**

A broker earns his commission when he produces a purchaser ready, willing and able to purchase on the proposed terms; or when the party produced enters into an enforceable agreement with the vendor on acceptable terms. In this case it is *held* that the plaintiff broker did not produce such a purchaser.

See Brokers, 9 C. J. p. 596, § 87.

Action in the district court for Hennepin county to recover commission for a sale of bank stock. The case was tried before Guilford,

[1]Reported in 203 N. W. 417.

J., who ordered judgment for defendant. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*Herbert T. Park,* for appellant.

*Wendell Hertig* and *George Harold Smith,* for respondent.

DIBELL, J.

Action to recover an agreed commission upon the sale of bank stock. There were findings for the defendant and the plaintiff appeals from the order denying its motion for a new trial.

The defendant was the owner of 40 shares of the stock of the Chelsea State Bank, of Chelsea, South Dakota. The total number of shares was 100. On March 1, 1920, the defendant listed with the plaintiff for sale "40 to 60" shares. The plaintiff appreciated the advantage of having for sale a controlling interest. One Deans and one Hein, friends of the defendant, each owned 10 shares. The defendant thought it likely that they would sell with him. This explains the listing of "40 to 60" shares, and it was the proposition of the plaintiff that it be put that way. It was understood that defendant had but the 40 shares.

The plaintiff produced as a prospective purchaser one Simmons. He entered into a written contract with the defendant. It recited that the defendant was to deliver 40 shares, Deans 10 shares and Hein 10 shares, and that each was to protect the purchaser against loss in proportion to his shares sold. There was then this provision:

"In the event that either Mr. Deans or Mr. Hein is unwilling to join in this guaranty, it is understood that their stock is not to be included in the deal at all, and the number of shares to be delivered under this contract will be reduced accordingly, likewise the total consideration."

In a writing taking the form of a letter from the defendant to Simmons made the same day and signed by both, and a part of the contract, it was stated that "the understanding between us is that if Mr. Deans and Mr. Hein refuse to join me in the contract, preferring to retain their stock, the contract which we have signed is

to become null and void;" and there was a further provision that if only one refused Simmons might carry out the contract, on the basis of 50 shares, but he was not required to do so.

Deans and Hein refused to enter into the arrangement proposed.

The trial court found that the condition upon which the agreement was based was not carried out, and that the plaintiff did not produce a purchaser within the terms of the listing contract. The defendant did not agree to sell more than 40 shares except upon the condition that Deans and Hein joined; and Simmons did not agree to buy 40 shares. The defendant could not insist upon Simmons buying 40 shares, nor did he agree to get elsewhere 20 shares.

If the plaintiff procured a purchaser of "40 to 60" shares it earned its commission. That was its contract with the defendant. It is enough that the broker produces a purchaser ready, able and willing to buy upon the proposed terms or that the vendor enters into a binding agreement upon acceptable terms. Overstreet v. Rother, 153 Minn. 377, 190 N. W. 603, and cases cited; Francis v. Baker, 45 Minn. 83, 47 N. W. 452; Peet v. Sherwood, 43 Minn. 447, 45 N. W. 859; Hamlin v. Schulte, 34 Minn. 534, 27 N. W. 301; Goss v. Stevens, 32 Minn. 472, 21 N. W. 549.

The defendant did not in the listing agreement undertake to sell 60 shares. The facts were understood by all. The plaintiff produced a purchaser for 60 shares, but Deans and Hein would not join, as it was contemplated they might not when the listing agreement was made, and the purchaser, Simmons, did not agree to take the defendant's 40 shares. There was no enforceable contract.

In view of what was said at the argument it is proper to say that the evidence sustains a finding that Deans and Hein refused to sell their stock.

Order affirmed.