FRED LARAMEE AND ANOTHER v. MARQUETTE TRUST COMPANY.[1]

June 7, 1929.

No. 27,303.

*Jesse Van Valkenburg,* for appellant.
*Leonard, Street & Deinard,* for respondents.

TAYLOR, C.

Plaintiffs are real estate agents and brought this action to recover a commission for procuring a purchaser for a tract of land and a factory building in the city of Minneapolis owned by defendant. The trial court made findings of fact and conclusions of law and directed judgment for plaintiffs. Defendant appealed from an order denying its motion for a new trial.

[1]Reported in 225 N. W. 726.

That defendant employed plaintiffs to make a sale of the property and agreed to pay them the regular Minneapolis real estate board rate of commission if they procured a purchaser is admitted; and the question presented is whether the findings to the effect that plaintiffs had earned the commission are sustained by the evidence.

Defendant's title to the property was subject to an equitable interest therein held by one Paul Brown; but by an arrangement between themselves Brown relinquished his interest to defendant to enable defendant to make the sale in question and convey a clear title.

Three real estate brokers were concerned in the transaction. W. A. Kennedy represented certain eastern parties who contemplated buying the property for use as a factory, and had been furnished $1,000 by them with which to procure a contract securing to them the right to purchase it. He informed another real estate broker, one L. W. Lincoln, that he had a purchaser for the property, and made an arrangement with him pursuant to which Lincoln opened negotiations with plaintiffs for its purchase. These negotiations resulted in a written contract between defendant and Lincoln by which defendant agreed to sell and Lincoln agreed to buy the property for the price and on the terms set forth therein. Before executing the contract Lincoln procured the $1,000 from Kennedy and secured his approval of the price and terms as satisfactory to the eastern parties. Kennedy stated that those parties did not wish to be known unless they took the property, and refused to disclose their names. On the execution of the contract the $1,000 was paid to defendant as the initial payment thereon. The eastern parties declined to take the property and do not appear further in the proceedings.

All parties knew and understood that Lincoln made the contract for the purpose and with the expectation of transferring and assigning it to the eastern parties, and not with the intention of acquiring the property for himself. But for the purpose of binding defendant absolutely and unconditionally to sell at the price and on the terms stated, he bound himself absolutely and unconditionally to buy on

those terms. In Francis v. Baker, 45 Minn. 83, 84, 47 N. W. 452, recognized as a leading case, the court said:

"Where a person agrees with a real-estate broker to pay him a commission if he procures a purchaser for his property on specified terms, the broker, in order to entitle him to his commission, is bound to present a purchaser who is ready, able, and willing to buy on the proposed terms; and the principal is not bound to accept a proposed purchaser unless he is able to perform the contract on his part according to the proposed terms. But it is for the principal then to decide whether the person presented is acceptable; and if, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor."

This rule has been uniformly followed and applied. Gransbury v. Saterbak, 116 Minn. 339, 133 N. W. 851; Meyer v. Keating L. & M. Co. 126 Minn. 409, 148 N. W. 452; Horan v. Stevens, 135 Minn. 43, 159 N. W. 1085; Overstreet v. Rother, 153 Minn. 377, 190 N. W. 603; United Sales Agency v. Luck Land Co. 154 Minn. 332, 191 N. W. 897; Lincoln v. Ravicz, 174 Minn. 237, 219 N. W. 149. It controls the present case. Defendant concedes that the contract is exactly as the parties intended it to be; but urges in substance. that the real contract was oral, and that the written contract was executed pursuant to the oral one and was not to take effect according to its terms unless transferred to the eastern parties. The findings are to the contrary and are fully justified by the evidence.

There was an agreement between plaintiffs and Lincoln that Lincoln should receive a part of plaintiffs' commission; and between Lincoln and Kennedy that Kennedy should receive a part of Lincoln's commission. Defendant calls attention to these agreements;

but does not urge them as a ground for reversal, and could not well do so, for it admits having full knowledge of them before executing the contract.

The order is affirmed.