## G. A. GUSTAFSON v. V. A. ELMGREN AND ANOTHER.[1]

### October 10, 1941.

### No. 32,826.

*William E. Tracy,* for appellants.
*Arthur R. Smythe,* for respondent.

STONE, JUSTICE.

Action by a realtor to recover commission wherein he had a directed verdict. Defendants' appeal is from the order denying their motion for new trial. Counsel and the trial judge have our thanks for what amounts to a bill of exceptions which has much abridged the record for us and has resulted in obvious economy of money and effort.

Defendants, husband and wife, own the involved lot 37, whereon they conduct a tourist cabin business. The evidence is that their daughter, Mrs. Kaine, owns the adjoining lot 38 under an executory

[1]Reported in 300 N. W. 203.

contract of purchase which has been assigned to defendants or one of them, the assignment being in nature a mortgage as security for money loaned.

Plaintiff procured a purchaser, for a price and on terms agreeable to defendants, of the two lots. Defendants signed and delivered to plaintiff an earnest money contract of sale. There is no evidence that the contract was ever delivered to the intending purchaser, Mr. Fisher, after its execution by defendants.

For defendants, there was testimony that they signed and delivered the earnest money contract to plaintiff under protest grounded upon the fact that lot 38 was owned by their daughter, who had not consented to the proposed sale.[2] This testimony is explicit that plaintiff agreed that he "would not do anything" with the document "until we let him know if our daughter, Mrs. Kaine, would agree to sell lot 38," and that plaintiff "said he would hold it and not do anything with it until" it was ascertained "if my daughter was willing to sell lot 38. I told him I would let him know this as soon as possible." There is no evidence that Mrs. Kaine ever consented to the sale of her lot.

After receiving this evidence, it was stricken on motion. The trial court considered, erroneously, that it was an attempt by parol evidence to vary the terms of an effective, written contract rather than to show conditional delivery and that, the condition not having been satisfied, the document never took effect as a contract.

The evidence so stricken was just what defendants contended it was. It tended to prove condition precedent, preventing any contract, rather than condition subsequent avoiding or changing a contract already in effect. Skelton v. Grimm, 156 Minn. 419, 195

[2]Mrs. Elmgren aids her testimony concerning conditional delivery by this explanation: "Mr. Gustafson told me, 'You do not have to be afraid of anything because you are not going to lose anything. * * *' Mr. Gustafson said, 'That is all right. This is nothing anyway.' I told Mr. Gustafson I would like to have a lawyer look at the paper for us. *Mr. Gustafson said he knew more than all the lawyers in Duluth.* 'You do not need to take a lawyer.'" (Emphasis supplied.)

N. W. 139. That being so, it was error to strike the evidence and direct a verdict for plaintiff. The case should have gone to the jury, and if the latter had believed the stricken evidence they necessarily would have found for defendants.

Mistaken reliance was placed below on Current v. Muir, 99 Minn. 1, 108 N. W. 870. There the effort, ruled out by the decision, was by parol evidence to modify an effective written contract, rather than, as here, to show that delivery of a document was conditional and that it was not to take effect as contract until the specified condition was fulfilled.

Order reversed.